<hr/>

GEORGE N. SPEAR *v.* HENRY B. STACY.

*Debt on bond.   Assessment of damages for breach of condition.
Referee.*

When a case has been referred under a general rule of reference, no questions of law are before this court, except such as are saved by the referee.

Where the defendant gave the plaintiff a penal bond, conditioned that he would build a certain house for J. by the first day of August, A. D., 1849, and save the plaintiff harmless from all liability on plaintiff's contract to build the said house, and the defendant failed to build the house by the time specified, and the plaintiff commenced a suit upon said bond, and after the commencement of said suit, the plaintiff was compelled to finish said house at the expense of about seventy dollars, *it was held,* that this expense should be included in the assessment of the damages, it being found by the referee, to whom the case was referred, that there had been a breach of said bond when the suit was brought.

And if the bond be treated, as a bond of indemnity, it was sufficient to sustain the action, that there had been a breach of its condition, when the action was brought.

Damages on bonds of indemnity, are always assessed up to the time of trial.

DEBT on bond.   Plea *non est factum,* and special pleas.

The facts in the case, are as follows: The plaintiff purchased of one Josephs, water lots, Nos. 55, 56 and a part of lot No. 57, in

Burlington,. and agreed to pay for them by building a certain house on lot No. 33.    Stacy, the defendant, purchased the house lots of the plaintiff, and gave the plaintiff his bond to fulfill plaintiff's contract to Josephs, and to save the plaintiff harmless from all liability on said contract, &c.

The case was referred under a rule of court to a referee, who reported substantially the following facts :

That the defendant did not perform the condition of his said bond, particularly as to furnishing window blinds for said building; and that the plaintiff, after the time for the completion of said contract, (which was on the first day of August, A. D. 1849,) and after the commencement of this suit, (which was on the 26th day of August, A. D., 1850,) to wit, on the 24th day of November, A. D., 1850, furnished window blinds, at an expense of thirty-eight dollars, and in February, 1851, paid twenty-two dollars and sixty-eight cents for hanging the same ; for which sums the referee found the defendant indebted to the plaintiff, with interest ; subject to the opinion of the court, whether the plaintiff can legally recover the same, as payment of the same was incurred and made after the commencement of this suit.

The county court, September Term 1852,—POLAND, J. presiding,—rendered judgment on the report for the plaintiff.

Exceptions by defendant.

*D. A. Smalley* for defendant.

1. The defendant contends, that the bond is a mere bond of indemnity, to save the plaintiff harmless from said contract, and the parties have so treated it in their pleadings.   *Douglas* v. *Clark,* 14 Johns. 177.    6 Hill, 324.

2. If so, then plaintiff has brought his suit prematurely, because he must not only have been liable to pay, but must *have paid* before he can maintain his action.

The law has wisely made a distinction in the case of a bond of indemnity from one individual to another, and a like bond to a public officer.    In the first case the plaintiff must pay the money, before he can sustain his action.   *Donely* v. *Rockfellen,* 4 Cowen, 258.

In the other case, the public officer can sustain his action on the bond, after there is a judgment against him, and before payment. See *Donely* v. *Rockfellen, ante.*

But in both cases the amount must be fixed, and rendered certain, or the damages must be nominal. *Chace* v. *Hinman*, 8 Wend. 456. *Donely* v. *Rockfellen*, 8 Cowen, 639.

*L. B. Englesby* for plaintiff.

The liability of Stacy, the defendant, on the bond, is direct, and not contingent. The words of the bond are, if said Stacy shall fulfill said Spear's contract with said Josephs, *and build said house for him.* The moment the time elapsed, and the contract was not performed and house built according to contract, the liability attached for as much as the house wanted of completion, and it can make no difference when the plaintiff completed the house, provided he has so done. *Chace* v. *Hinman*, 8 Wend. 452. 8 Cowen, 623. 5 Term Rep. 307.

The opinion of the court was delivered by

BENNETT, J. This case having been referred under a general rule of reference, no questions of law are before us, except such as are saved by the referee. The referee finds that there had been a breach of the condition of the bond when the suit was brought, and that Spear was subjected to damages by being compelled to furnish window blinds, and also to get them hung, at an expense of some seventy dollars; but this expense accrued after the suit was commenced. We think these expenses should be included in the assessment of damages, and this is the only question referred to the court. Treating the bond, as a bond of indemnity, it was sufficient to sustain the action, that there had been a breach of its condition, when the action was brought.

It is not material that all the damages should have, in fact, resulted to the plaintiff when he commenced his suit. There can not be successive actions on this bond, and unless the damages could be assessed up to the time of trial, there would be a failure of justice.

Damages on bonds of indemnity are always assessed up to the time of trial. So, in actions on covenants against incumbrances, if the incumbrance is removed between the commencement of the action and the time of trial, the sum paid to remove it, goes to make up a part of the damages, which otherwise might have been merely nominal.

The judgment of the county court is affirmed.