## CALVIN McCUTCHEON *v.* ROY H. LEONARD.

May Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1944.

*Edward G. McClallen, Jr.,* and *George M. Goddard* for the defendant.

*Lawrence & O'Brien* for the plaintiff.

BUTTLES, J.   This action is brought against the defendant as former Sheriff of Rutland County, under P. L. 3400, for the failure of his deputy to return an attached automobile, after dissolution of the attachment, to the plaintiff who is claimed to be the owner and entitled to the possession thereof.   The case has been here before.   See 112 Vt 172, 22 A 2d 186.   We there held that it was error to grant the plaintiff's motion for judgment upon the pleadings as they stood after the filing of the defendant's answer, and the case was remanded.   A subsequent trial by jury resulted in a verdict and judgment for the plaintiff in the sum of $600.   The defendant comes to this Court upon two exceptions.

In his declaration the plaintiff averred that the defendant's deputy attached, as the property of the plaintiff, a certain Dodge express truck automobile "of great value, to wit of the value of six hundred dollars."   The defendant's answer expressly admits all averments of the declaration except one which relates to the alleged duty of the deputy sheriff to return the attached automobile to the possession of the plaintiff.

When the case came on for trial, following the remand, the defendant moved that he be allowed so to amend his answer as to exclude the averment as to value from that portion of the declaration which was admitted by the answer, contending that the statement of value was excessive and fictitious and that the admission had been made through inadvertence and mistake.   The plaintiff objected on the ground of surprise, stating that he was prepared at that time to try only the issue of the ownership of the car.   The defendant's motion was denied and he has briefed an exception to such denial.   That the allowance of the proposed amendment rested in the judicial discretion of the trial court is not questioned.   P. L. 1579.   *Schlitz* v. *Lowell Mut. Fire Ins. Co.,* 96 Vt 337, 342, 119 A 513. The pleading in which the admission occurred was filed with the Clerk on August 15, 1940, and so far as appears no attempt was made to correct the claimed mistake until trial of the case was about to begin at the September, 1943, term of court.   In the meantime the case, as before stated, had been before this Court and in the opinion filed Oct. 7, 1941, we stated that

certain facts were admitted by the defendant in his answer, among the facts so admitted being that on July 26, 1939, the deputy sheriff "attached a certain Dodge express truck automobile as the property of the plaintiff, this truck found in his possession and being of the value of to wit six hundred dollars." *McCutcheon* v. *Leonard,* 112 Vt 172, 173, 22 A2d 186, 187. Under the circumstances here appearing it cannot be said that the trial court failed to exercise its discretion or that its discretion was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, which in this State is the recognized test of abuse of discretion. *Stone* v. *Briggs,* 112 Vt 410, 415, 26 A2d 828; *Houran, Admr.* v. *Preferred Accid. Ins. Co. of N. Y.,* 109 Vt 258, 270, 195 A 253; *Temple* v. *Atwood,* 99 Vt 434, 435, 134 A 591.

The bill of exceptions quotes from the court's instructions to the jury as follows:

> "This is an action, as has been explained to you, between the plaintiff here, Calvin McCutcheon, of Chester, Vermont, and the former sheriff of this county, the action being brought, as has been explained to you by counsel, against the sheriff because that is the method in this State of bringing an action of this kind against one of the deputies of the county in case anyone claims any misconduct or neglect or misfeasance on the part of the deputy sheriff, so that is the reason why that the former sheriff of this county is the defendant here, and you should have no consideration about that, you should decide the case upon the merits regardless of any feelings of friendship toward the sheriff because he is protected by bond according to law, and what the situation may be between the sheriff and real parties in interest, and so forth, you are not concerned with."

The bill then sets up the defendant's exception to this portion of the charge on the ground that "the charge was not warranted under the issues in the case; that it was harmful and prejudicial to the defendant, especially the court's reference to the fact that the sheriff was protected by bond." The defendant has not briefed the claim that the charge was not warranted under the is-

sues in the case, and the ground that the charge was harmful and prejudicial is not as fully briefed as it should be. However the brief does indicate the basis of that claim.

■ This Court has repeatedly held that it is reversible error to needlessly bring to the attention of the jury the fact that an insurance company is defending the case. *Bliss* v. *Moore & Stoughton,* 112 Vt 185, 187, 22 A2d 315, and cases there cited. To do so constitutes an appeal to the jury to disregard the evidence in the case and to have their verdict or the amount of it depend upon the fact that no loss would fall upon the defendant but that the damages would be paid by some other agency. *Landry* v. *Hubert,* 100 Vt 268, 277, 137 A 97. The principle is of course the same whether the agency upon which the loss falls is an insurance company or some other indemnitor, and the result is the same whether the objectionable matter is brought to the attention of the jury by counsel or by the court itself. *MacDonald, b.n.f.,* v. *Orton,* 99 Vt 425, 431, 134 A 599.

A copy of the whole charge, certified by the reporter, is before us, but we find nothing therein which tends to explain or render harmless the statement that the defendant was protected by bond.

*Judgment reversed and cause remanded.*