## Louis J. Ferris v. Mark W. Patch

(126 A2d 114)

February Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed October 2, 1956.

*Finn & Davis* and *R. S. Meaker* for the plaintiff.

*Clifton G. Parker* for the defendant.

**Jeffords, C. J.** This is an action of tort to recover for property damage arising out of an automobile accident. There was a verdict and judgment for the defendant and the case is here on exceptions of the plaintiff.

The first of the exceptions to be considered is that to the refusal of the trial court to grant the plaintiff's motion for a directed verdict on the ground that the defendant was guilty of actionable negligence in that he failed to look and look effectively while backing his vehicle across a highway. There is no question of contributory negligence in the case as the trial court ruled that the operator of the plaintiff's car was a gratuitous bailee of the car at the time of the accident.

From the evidence taken in the light most favorable to the defendant the jury reasonably could have found the following facts: The accident happened on Park Street in Morrisville in January, 1953, at about 4:15 P. M. This street runs in a general easterly and westerly direction. The defendant who was operating a truck had driven into a driveway extending northerly from the street. There was a line of large trees extending easterly from the intersection of the driveway and the street about six hundred feet to a sharp curve in the street.

The defendant looked to his right when he started to back

out of the driveway. His vision in that direction was obscured for about a second by the trees but he could see to his right before the back end of the truck entered the street. When the rear of the truck was about a foot in the street he saw a car coming from the west and stopped. He waited for this car to pass. He then looked and could see to the east as far as the curve and as there were no cars approaching from either way he started backing across the street. When he was about one half way across he saw the plaintiff's car coming from the east when it was about one hundred and twenty yards away. He knew he had to do something to get out of its way and he tried to drive forward into the driveway but was unsuccessful and the collision took place.

While backing from the center of the road he looked in both directions. He admitted that he would have seen the other car as it came around the curve if he had happened to be looking in that direction at that time but he said that then he was look-img the other way. He also testified on cross examination that he "could have got out of the way if the [other] car wasn't traveling that fast."

The operator of the plaintiff's car testified that when she was about sixty feet from the truck she was blinded by the sun and at that time the speed of her car was about thirty miles an hour and she then lessened her speed. She had not seen the truck before she was blinded. The jury have found that the windshield of the plaintiff's car was "very dirty" at the time of the accident.

■ V. S. 47, §10,219, subd, XI, provides: "A person shall not turn or back a vehicle of any kind in a public highway without taking due and reasonable care to avoid injury to other users of the highway in so doing." "Under this statute it was the duty of the defendant to make such use of his eyes and ears before and while backing as a careful and prudent man would make in like circumstances." *Hastings* v. *Soule*, 118 Vt 105, 107, 108, 100 A2d 577, 578, and cases cited.

Applying the above pertinent rules of law to the evidence, it is clear that it cannot be held as a matter of law that the defendant was negligent in the respect claimed by the plaintiff.

There was no error in the denial of the motion for a directed verdict.

The plaintiff excepted to the failure of the court to explain to the jury the meaning of undisputed physical facts with a charge that undisputed evidence of such facts cannot be ignored by them in their consideration of the case.

■ It is our rule that we cannot ignore the undisputed physical facts shown by the record and the testimony of witnesses cannot prevail against established physical facts that are inconsistent therewith. *Izor* v. *Brigham*, 111 Vt 438, 441, 17 A2d 236, and cases cited. The plaintiff relies on the evidence tending to show that houses, and especially trees, obstructed the view of the defendant to the east as a basis for the application of this rule. He says that at the time the defendant stopped his truck after backing to the edge of the road he claimed that he looked to his right and had a clear view of the highway all the way to the curve but that the undisputed facts show at that time his vision to the east was blocked by a tree so that he could not possibly have had the view he testified that he had.

■ The plaintiff does not give the page or any reference to the transcript where evidence may be found to support these claims as to the testimony of the defendant or to the claimed undisputed facts in connection therewith. This is inadequate briefing. *Rice's Admr.* v. *Press*, 117 Vt 442, 450, 94 A2d 397; *Turner* v. *Bragg*, 113 Vt 393, 402, 35 A2d 356; Supreme Court Rule 8. para. 5.

Moreover, it seems clear that the blocking of the defendant's view to the east by a tree or trees for a distance of about four feet or one second in time, which the defendant admitted, had no causal relation to the accident. This is shown by the following question and answer in the cross-examination of the defendant: "Q. The only reason you didn't see it the (plaintiff's car) when it first came into view was you didn't continue to look in an easterly direction, that is so? A. Yes."

No error has been made to appear for the failure of the court to charge in the respect claimed.

■ The plaintiff excepted to the failure of the court to more specifically instruct the jury with regard to the defendant's

duty to look and look effectively. In his brief the plaintiff refers us to one portion of the charge which he relies upon in support of this exception. The charge must be taken as a whole. *Ackerman* v. *Kogut*, 117 Vt 40, 46, 84 A2d 131. When so taken, it is seen that the court charged fully and accurately in respect to the defendant's duty to look. One portion of the charge on this subject matter, as applied to the facts in the present case, set forth the duty of one backing a motor vehicle in the language used in *Mc Kale* v. *Weeks*, 115 Vt 155, 156, 55 A2d 199.

■ The plaintiff apparently finds fault because the court did not use the word "effectively" as applied to "look." But to "look effectively" means to look with the degree of care that a careful and prudent man would have exercised in like circumstances, *Hastings* v. *Soule*, 118 Vt 105, 109, 100 A2d 577, and the duty to so look was stated in the charge.

The plaintiff excepted to that portion of the charge to the effect that each driver had the right to assume that the other would observe the law of the road until they saw or should have seen that their assumption was not warranted. The jury were also charged that the law does not confer the benefit of this assumption on a person who was not in the exercise of due care.

The whole gist of the plaintiff's brief in support of this exception is to the effect that the defendant was not entitled to this assumption because he was guilty of negligence as a matter of law. Our holding in respect to the plaintiff's motion for a directed verdict disposes of this claim.

The plaintiff requested the court to charge as follows: "If you find that the defendant was negligent and that such negligence was a part of the proximate cause of this accident even in the slightest degree, then the plaintiff is entitled to a verdict in his favor even though you may also find that there was some negligence on the part of the driver of the plaintiff's vehicle which in some way may have also been a part of the proximate cause of the accident." The plaintiff excepted to the court's failure to grant this request.

The court charged the jury, in substance, that any negligence on the part of the operator of the plaintiff's car would not bar his recovery if they found that the defendant was neg-

ligent and that his negligence was a part of the proximate cause of the accident. This answers a part of the plaintiff's claim of error as set forth in his brief on this point.

The plaintiff says that the charge as requested correctly states the law, giving particular attention to the use of the phrase "If you find the defendant was negligent and that such negligence was a part of the proximate cause of this accident even in the slightest degree." He says there are many cases which show that he was entitled to this charge and cites among such *Steele* v. *Fuller*, 104 Vt 303, 308, 158 A 666, 667; *Bianchi* v *Millar*, 94 Vt 378, 382, 111 A 524; *Wellman* v. *Wales*, 97 Vt 245 254, 122 A 659, 660, and *Merrihew's Admr.* v. *Goodspeed*, 102 Vt 206, 216, 147 A 346, 66 ALR 1109.

All of these cases in the respect here material have to do with contributory negligence either as to a charge on that subject matter or to the law pertaining thereto. In *Wellman* v. *Wales* the words "in any degree" are used. In the other three cases "in the least degree." It is apparent from these cases and many others, though we have found none expressly so holding, that the request here in question should have been complied with only as to contributory negligence and for that reason there was no error in the court's refusal to grant it. Pertinent language sustaining our conclusion appears on page 382 in *Bianchi* v. *Miller, supra*, a leading case on this subject matter, as follows: "Ever since the decision in *Reynolds* v. *Boston & Maine R. R.*, 64 Vt 66, 24 A 134, 33 ASR 908, the rule in this State has been that there can be no recovery if the negligence of the plaintiff contributes in the least degree to the accident. *LaFlam* v. *Missisquoi Pulp Co.*, 74 Vt 125, 143, 52 A 526.

*Judgment affirmed.*

Note. When this case was argued at the February Term, 1956, it was assigned to Mr. Justice Chase. At the May Term, 1956, it was reassigned to the Chief Justice.