# Central Cab, Inc. v. George Ironside

[ 230 A.2d 790 ]

April Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 6, 1967

*Reginald T. Abare* and *Joseph C. Palmisano* for plaintiff.

*Theriault and Joslin,* with *John A. Burgess* on the brief, for defendant.

**Smith, J.** This is an action of tort in which plaintiff seeks recovery from the defendant for claimed property damage to the taxicab of the plaintiff as a result of a collision on February 25, 1965, between the cab owned by the plaintiff and an automobile owned and driven by the defendant, in the City of Barre. Hearing was held in the former Barre Municipal Court (now the Washington District Court); findings of fact were made by the Judge of said Municipal Court, and judgment was entered for the defendant. Plaintiff brings its appeal here from the judgment below, and certain of the findings of fact.

The accident, which was the cause of this suit, occurred on Pleasant Street in Barre, which has a very precipitous grade. On. the night of its occurrence, the undisputed findings of fact are that Pleasant Street was in a very slippery condition, sleet was falling, and driving conditions were hazardous.

The collision between the two vehicles occurred when the taxicab of the plaintiff had either emerged from a private driveway on Pleasant Street onto Pleasant Street, after picking up fares, as the lower court found, or was parked in the driveway, according to the evidence of the plaintiff, and was struck by the car of the defendant descending the hill in a skidding condition.

Plaintiff's first exception is to Finding of Fact No. .7 made by the lower court:

"That the Court finds that a preponderance of the evidence conclusively and effectively shows that the plaintiff had backed its vehicle into that portion of the highway which the defendant was fairly and reasonably entitled to travel; that the defendant approached the scene of this collision with due care and caution; that by reason of the extra hazardous conditions of the road and the fact that the plaintiff had placed its vehicle in a portion of the

highway to which it was not lawfully entitled, that the sole proximate producing cause of this accident was due to the fact that plaintiff had its vehicle, as alleged in its complaint, in the line of travel to which the defendant was entitled; that by reason of the precipitous grade in Pleasant Street, the defendant would not have a view of plaintiff's car until he passed over the precipitous rise and headed north and by reason of the slippery conditions and the short distance in which defendant would have to stop, there was nothing defendant could do to avoid the accident."

In considering plaintiff's exception to this, and other findings of fact, we are guided by certain well-defined rules.

"On an appeal to this Court for a review of findings on exceptions thereto . . . we do not weigh the evidence as to its persuasive effect, and the credibility of the witnesses is for the trier of fact to determine. A finding must stand if supported by any substantial evidence, although there may be inconsistencies, or even substantial evidence to the contrary. We must read the evidence in support of the findings, if reasonably possible, when considered as a whole." *Cody Chevrolet* v. *Royer,* 123 Vt. 389, 392, 189 A.2d 554.

Plaintiff, in briefing its exception to the above finding, does not assert that there is no evidentiary support for the finding made, but that contrary proof so predominates the controversy that there is no reasonable basis upon which the finding can stand. Plaintiff ignores the fact that the location of its vehicle in the highway is admitted in its complaint.

It is true that the finding of the lower court has, as its basis, the evidence of the defendant, and this is contrary to the evidence offered by the plaintiff and its witnesses, but "although this Court has the power to set the lower court's findings aside, we will not do so where the evidence is in conflict, merely because the evidence preponderates against them. Intervention on appeal is justified only when contrary proof so predominates the controversy that the record establishes no reasonable basis upon which the findings can stand." *Crawford* v. *Lumberman's Mutual Cas. Co.* 126 Vt. 12, 16, 220 A.2d 480 (Citations omitted.) As we have so often stated, findings of fact must stand if there is any credible evidence fairly and reasonably supporting them, as there is here. What we have just said also is ap-

plicable to the exception of the plaintiff to that part of Finding No. 6, in which the lower court found that a police car, coming to the scene of the accident, slid off the road into a snow bank. Although the evidence of this fact was conflicting, it was supported by the testimony of the defendant. Further, it is a finding on a subordinate and immaterial fact. Plaintiff takes nothing by this exception.

Also excepted to by the plaintiff is Finding of Fact No. 8:

"That the Court finds that a preponderance of the evidence conclusively and effectively shows that the plaintiff's witnesses to the occurrence did testify contrary to the allegations in the plaintiff's complaint; however, the Court cannot ignore undisputed physical facts and the testimony of witnesses cannot prevail against established physical facts that are inconsistent therein, namely, plaintiff's vehicle had to be occupying the highway in the manner alleged in plaintiff's complaint for the accident to have happened in the manner in which it did and in support of the Findings the Court refers to Defendant's Exhibits E and F, photographs of defendant's car which show conclusively that defendant had attempted to go around plaintiff's vehicle and because of the icy conditions, the rear end of defendant's car slid into the front of plaintiff's vehicle."

In the same finding, the lower court refers to other exhibits in the case, such as a garage bill for repair to the defendant's car; the police officer's report who investigated the accident, and the defendant's report of the accident to the Motor Vehicle Department as supporting his findings.

While the photographs, to which the lower court refers in the finding, were not in the strict sense of the term "physical evidence," as the lower court seems to imply, they were demonstrative evidence of the damage caused to the car of the defendant by the accident. They were verified by the testimony of the defendant that the damage shown was fairly represented. *Beattie* v. *Traynor, Admr.,* 114 Vt. 495, 501, 49 A.2d 200. With the possible exception of a scratch or two to the right front of the car of the defendant, it is undisputed that the damage to his vehicle was confined to the right rear of the car. The damage to defendant's vehicle shown by the photographs to the lower court was the same as would have been seen by the court if it had viewed the "physical evidence" of the actual vehicle.

The real import of Finding #8 is that the lower court could not believe the evidence of the witnesses improved by the plaintiff, in view of the physical facts of the case shown by the record. *Ferris* v. *Patch,* 119 Vt. 274, 277, 126 A.2d 114. No error is found.

■ The next exception briefed by the plaintiff is to Finding No. 9 reading:

"The Court finds that evidence of a car skidding on ice is not in and of itself evidence of negligence."

We agree with the plaintiff that the finding is one of law rather than of fact. The plaintiff does not dispute the legal correctness of the conclusion. Plaintiff's argument is that it contains a conclusion of law inconsistent with other facts found and should be disregarded on appeal. *Archambault* v. *Casselline-Venable Corp.,* 115 Vt. 30, 33, 49 A.2d 557.

■ But the plaintiff does not demonstrate to us that the finding is inconsistent with other findings of fact made by the lower court. What it does seek to demonstrate is that it is inconsistent with certain evidence which was offered in the hearing below. There is no duty on the part of the lower court to state a conclusion of law on the facts found. But once a conclusion of law is correctly stated, claimed error in making such a conclusion must be predicated on the ground that it is not supported by the facts found. Only when the conclusion of law is inconsistent with the facts found that underlie such conclusion will it fail to stand. *Thompson* v. *Smith,* 119 Vt. 488, 497, 129 A.2d 638.

The plaintiff has also briefed its contention that the lower court abused its judicial discretion in that it did not sift the evidence in making its findings of fact, and that such findings are not supported by the evidence. In support of this contention, the plaintiff calls to our attention that the findings of fact made by the court are identical in every way with the requests to find offered to the court by the defendant.

■■ A court does have the duty to sift the evidence and state the facts in making findings. *Amey* v. *Hall,* 123 Vt. 62, 65, 181 A.2d 69. We have already determined here that the findings of fact were supported by the necessary evidence. In most instances, we think it better practice for a court to couch its findings in its own language and

terms, rather than adopting in their entirety, requested findings of fact as those of the court. But we cannot hold that following such a practice overcomes the presumption that the court sifted the evidence in making its findings, and provided such findings of fact are supported by the evidence.

"This court will not search the record for grounds on which to form a basis on which to reverse a judgment or predicate error." *Croteau* v. *Allbee,* 117 Vt. 332, 336, 91 A.2d 803.

The plaintiff has last briefed an exception to the denial of its motion by the lower court to amend its pleadings. The original complaint of the plaintiff asserted that the accident complained of occurred when its taxicab was fully backed out from the private driveway on to Pleasant Street, heading up the hill which defendant was descending, and in defendant's right hand lane of travel.

The motion to amend the complaint to state that the cab of the plaintiff was in the private driveway rather than in Pleasant Street, was made some little time after the hearing in the case had been concluded. It was made at a time after both parties had delivered their requests to find to the court, and the court was about to issue its own findings.

The allowance of the proposed amendment rested in the judicial discretion of the trial court. Having in mind the time at which the motion to amend was made, we do not think it can be said that the trial court failed to exercise its discretion, or that its discretion was exercised on reasons clearly untenable, or to an extent clearly unreasonable, which in this State is the recognized test of abuse of discretion. *McCutcheon* v. *Leonard,* 114 Vt. 38, 40, 39 A.2d 348. No error is found.

*Judgment affirmed.*