## Mortimer J. Brooks v. Laureen Martha Brooks (Newsted)

[300 A.2d 531]

No. 7-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

88

*Robert Grussing, III, Esq.*, Brattleboro, for Plaintiff.

*Langrock & Sperry*, Middlebury, for Defendant.

**Daley, J.** The parties to this cause, formerly husband and wife, were divorced in the Windham County Court in November, 1964. Custody of their two minor children was awarded to the appellee, Mortimer J. Brooks; visitation rights were granted to the appellant, Laureen Martha Brooks.

The same court, on November 27, 1967, modified the custody and visitation privilege order originally made so as to read in part as follows:

> "The care, custody and control and education of the minor children of the parties, Thadeus R. and Stephen J. Brooks, is decreed to the libellant with the right on the part of the libelee, Laureen M. Brooks to see and visit said children at reasonable times and places and with the further right on the part of the libelee to have said minor children with her for eight weeks during the summer vacation provided that the libellee shall execute and file with the Clerk of this Court cash in the sum of $1,000.00 or a surety bond approved by the Court in the penal sum of $1,000.00, the condition of which shall be that the libellee shall return the children to the libellant upon the expiration of the eight weeks summer vacation above referred to. Otherwise said cash or surety bond shall be forfeited."

In 1971, the appellant was living in the state of California. On June 8, 1971, she deposited the $1,000.00 with the clerk of the county court pursuant to the 1967 order, *supra*. Subsequently, she caused the two minor children to be transported from Vermont to California. While she and the children were

in the state of California, on or about July 6, 1971, the appellant instituted proceedings in that state to secure custody of the children.

When notified of the action taken by the appellant, the appellee, on August 9, 1971, filed a "Petition to Reopen and Modify and Petition for Contempt" in the Windham County Court. After hearing, at which the appellant was represented by counsel, the court, on December 1, 1971, made findings of facts and entered the following judgment order:

"A. That the defendant Laureen M. Brooks (Newsted) be and she is hereby adjudged to be in contempt of Court for her failure to comply with this Court's order dated November 27, 1967.

B. That the order of November 27, 1967, is hereby modified by striking therefrom the provisions that grant the defendant the right to have the two minor children 'with her for eight weeks during the summer vacation.'

C. That the One thousand dollars ($1,000.00) deposited with the Clerk of this Court on June 8, 1971, by the defendant is hereby declared forfeited, and the Clerk of this Court is hereby ordered and directed to pay over to the plaintiff Mortimer J. Brooks said sum of One thousand dollars ($1,000.00).

D. That judgment be and it is hereby rendered for the plaintiff to recover from the defendant Laureen Brooks (Newsted) the sum of One thousand three hundred sixty-three and 50/100 dollars ($1,363.50).

All until further order of the Court".

From the judgment order, the appellant appeals to this Court.

The issue in this cause, as we see it, is that presented by the appellee—"Did the Windham County Court have jurisdiction to issue the order of December 1, 1971?"

Under 15 V.S.A. § 292, the county court which grants a divorce retains continuing jurisdiction to annul, vary or modify any order it has made concerning the minor children of the parties as it deems expedient concerning the

care, custody and maintenance of those children. *Randall* v. *Randall*, 129 Vt. 432, 434, 282 A.2d 794 (1971). As such, the county court retains continuing jurisdiction to enforce provisions as contained in an order concerning such children. *Bergen* v. *Bergen*, 439 F.2d 1008, 1012 (3d Cir. 1971); *Gates* v. *Gates*, 122 Vt. 371, 373, 173 A.2d 161 (1961). Such enforcement is by way of a contempt proceeding which evolves from and is part of the original action. 15 V.S.A. § 602; *Randall* v. *Randall, supra; Macdermid* v. *Macdermid*, 116 Vt. 237, 245, 73 A.2d 315 (1950).

■ The appellant, however, maintains that a California decree, dated September 20, 1971, granting full custody of the two children to the appellant "on the basis of changed circumstances" effectively removed jurisdiction from the Vermont court to modify the California order without an allegation of material changes in circumstances. We find no argument with this contention under the authority of *People of the State of New York, ex rel. Halvey* v. *Halvey*, 330 U.S. 610, 613 (1947); see also the concurring opinion of Mr. Justice Frankfurter, 330 U.S. at 617. This was the law of this jurisdiction even before the *Halvey* opinion. *In re Cooke*, 114 Vt. 177, 180, 41 A.2d 177 (1945). See also *Miller* v. *Miller*, 123 Vt. 221, 225, 186 A.2d 93 (1962).

However, the issue of custody of the two children was not before the Vermont court. It made no order concerning the custody of the two children; it only adjudged the appellant to be in contempt of the 1967 order and provided appropriate sanctions. The contemptuous conduct which the court found the appellant to be guilty of all occurred prior to the order of the California court dated September 20, 1971. By the terms of the 1967 order, the appellant was to return the minor children at the expiration of eight weeks. In the complaint for custody dated July 6, 1971, the appellant alleged that the children were residing in California. The children were not returned to Vermont by the time of the final order of the California court granting custody of the children to the appellant on September 20, 1971. In the beginning of September, 1971, prior to this California decree, the eight weeks had expired, and the failure to return the children to Vermont by the appellant was a violation of the 1967 Vermont order.

■ The question that now arises is whether the Windham County Court had the power to adjudicate the appellant to be in contempt of the 1967 Vermont order subsequently superseded by the 1971 California order for conduct occurring prior to that California order. In *Ex parte Langdon,* 25 Vt. 680 (1853), an injunction was issued against the husband in a libel for divorce, "commanding said John B. Langdon, to refrain from interfering, or intermeddling with, any of his three children." The injunction was only to extend to the final judgment in the libel for divorce. Previous to the final judgment the petitioner was held to be in contempt of the above injunction and ordered to be committed to jail. His incarceration continued after the final judgment, and he brought a petition for a writ of *habeas corpus* to this Court. Although the commitment was held to be irregular on its face in that the petitioner was not given notice and the opportunity to be heard in the contempt proceedings, the mere fact that final judgment had been entered in the libel for divorce did not serve to purge the earlier contemptuous conduct while the injunction was still in effect. Chief Justice Redfield, writing for the Court, stated:

> ". . . [T]he injunction, only extends to the final judgment of this court in the libel for divorce, and therefore probably, no new process for contempt could be originated, after the injunction had expired by its own limitation, even for a disobedience which occurred during its continuance, still, one being actually committed for contempt by an unlimited order, could not be discharged, upon the mere ground of the expiration of the injunction, certainly not, by another court. The former contempt and disobedience to the order of the chancellor, would not be thereby purged." *Ex parte Langdon, supra,* 25 Vt. at 681–82.

Similarly, although the *Halvey* case requires full faith and credit to be given to the California order, this does not prohibit the Vermont court from punishing for conduct in contempt of the Vermont order prior to the issuance of the California order. The eight week limitation on the appellant's temporary custody expired before the California order granting full

custody of the two children to her. The petition for contempt was brought before this California final order. The appellant was given notice of the contempt proceedings before the final California order. At the hearing, the Vermont court found her to be specifically in contempt in that she did not return the children on this and previous occasions in accordance with the terms and provisions of the 1967 order. The appellant obtained possession of the children solely under the visitation privileges granted her under the Windham County Court order of November 27, 1967. The appellant knew that this order obligated her to return these children to the appellee in Vermont at the end of the eight weeks. This she failed to do, and the court did not find any justifiable explanation for her failure to comply at the end of that eight week period. Under these circumstances, the Windham County Court did not err in holding the appellant in contempt. See *Brocker* v. *Brocker,* 429 Pa. 513, 241 A.2d 336, 341 (1968), *cert. denied,* 393 U.S. 1081 (1969); *Commonwealth* v. *Beghian,* 408 Pa. 408, 184 A.2d 270 (1962).

The appellant also challenges the order of the Windham County Court declaring the $1,000.00 cash bond deposited by the appellant with the court clerk and ordered to be paid over to the appellee. This forfeiture arose out of contempt proceedings. The purpose of a proceeding for contempt is twofold. First, it is to punish the guilty party; but, and perhaps most important, it is to provide restitution for the party injured. *Stimpson* v. *Putnam,* 41 Vt. 238, 246–47 (1867).

The power of a court to punish for contempt is discretionary in nature. *LaVoice* v. *LaVoice,* 125 Vt. 236, 239, 214 A.2d 53 (1965); *Orr* v. *Orr,* 122 Vt. 470, 474, 177 A.2d 233 (1962).

In its discretion, the trial court ordered the forfeiture of the cash bond, and the money to be paid to the appellee. To maintain that the court was in error, the appellant must show that the court failed to exercise its discretion, or that its discretion was exercised on reasons clearly untenable, or to an extent clearly unreasonable. *Central Cab, Inc.* v. *Ironside,*

126 Vt. 356, 361, 230 A.2d 790 (1967); *McCutcheon* v. *Leonard,* 114 Vt. 38, 40, 39 A.2d 348 (1944). So long as a reasonable basis for the discretionary action of the trial court is shown to be present, this Court will not interfere. *Lattrell* v. *Swain,* 127 Vt. 33, 41, 239 A.2d 195 (1968); *Grow* v. *Wolcott,* 123 Vt. 490, 496, 194 A.2d 403 (1963).

██ The county court found that the appellant was in contempt in failing to return the children at the end of eight weeks as required in the 1967 order. Thereupon, the court ordered the cash bond that the appellant deposited with the clerk of the court to insure the return of the children to be forfeited. In order to sustain forfeiture of a bond, it is sufficient to show that there had been a breach of its conditions when the action was brought. *Spear* v. *Stacy,* 26 Vt. 61, 63 (1853).

██ In this case, the condition of the bond requiring the appellant to return the children to the appellee at the end of eight weeks was also an order of the court. When the court found that the appellant did not return the children, the appellant was not only in contempt of the court order, but had also breached the condition of the cash bond. Thus the findings disclose a reasonable basis for the exercise of the court's discretion in declaring the cash bond to be forfeited and paid to the appellee, not only to punish the appellant for her contemptuous conduct for violating the court order, but also to provide restitution for the appellee in not receiving the children at the end of the eight weeks. No abuse of discretion shown, the appellant takes nothing by this claim of error.

██ Paragraph B of the judgment order being appealed from declared that the visitation rights of the appellant were modified by striking the provision of the 1967 order which allowed the appellant to have the two minor children "with her for eight weeks during the summer vacation." However, this order was handed down following the California order granting full custody of the two children to the appellant. As the *Halvey* case and our own *Cooke* and *Miller* cases require us to give full faith and credit to the

California custody order, the 1967 Vermont custody order can no longer have any effect of the custody or visitation rights concerning the two children. Thus, any modification of the 1967 order can have no effect on either of the parties, and as such, any question arising as to how this order affects the 1967 order becomes moot. Any question as this one which has become moot will not be considered by this Court on appeal. *Armstrong* v. *Hanover Ins. Co.*, 130 Vt. 182, 185, 289 A.2d 669 (1972).

During the course of oral argument, the appellant alleged that the award of $1,363.50 to the appellee in paragraph D of the judgment order was unsupported. The parties stipulated that no transcript was necessary, and the claim of the appellant was not briefed by the parties as to the law concerning it. Therefore, our determination is limited to a review to determine whether or not this portion of the judgment is supported by the findings of fact. Except for an error in the transcription of figures, in that the amount contained in paragraph D should have been $1,163.50 rather than $1,363.50, the judgment is supported by the findings of fact. Since the record affords the means of correcting this error, we will do so here. *Doyle* v. *Polle*, 121 Vt. 335, 339–40, 157 A.2d 226 (1960).

*Paragraphs A and C of the judgment order are affirmed; paragraph D of the judgment order is corrected to read $1,163.50 and affirmed.*