### Virginia C. vanLoon v. Jan vanLoon

[315 A.2d 866]

No. 119-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*McKee, Clewley & Fitzpatrick*, Montpelier, for Plaintiff.

*David L. Cleary, Esq.*, of *Richard E. Davis Associates*, Barre, for Defendant.

**Daley, J.** The plaintiff was granted a decree of divorce from the defendant in the Washington County Court on June 12, 1973. In its decree granting the divorce, which awarded custody of the two minor children to the plaintiff, the court made the following orders:

(3) In view of the income of the plaintiff, both present and potential, no order will be made relative to payment of any support monies by the defendant in this case.

(4) The jointly owned property of the parties which includes the homestead and twelve (12) acres more or less, and an approximately thirty (30) acre parcel located on the access road to the Glen Ellen Ski Area are to be sold immediately. However, it is the condition of this Order that in no event shall either party be permitted to purchase either directly or indirectly by any structure or through any other individual any interest in either the homestead or the thirty-acre parcel referred to above. All monies resulting from the sale of these properties shall be divided equally between the parties hereto after deduction for the amounts of any

and all mortgages, attachments, liens, etc., likewise including a deduction for costs of sale in connection with the sale of the two parcels hereinbefore referred to.

(5) It is likewise ordered that all personal property which is not unique to either of the parties shall be sold and that, likewise, the monies received from the sale, less any costs of sale, shall be divided between the parties hereto.

The plaintiff contends these orders to be unreasonable, arbitrary, and unjust, thereby constituting an abuse of judicial discretion. The plaintiff concedes that in making the orders as it did, the court was vested with a wide judicial discretion under our cases, so our inquiry is confined to the question of whether or not such discretion was abused. The recognized test in this State has been recently enunciated in *Brooks* v. *Brooks*, 131 Vt. 86, 92–93, 300 A.2d 531 (1973):

[T]he appellant must show that the court failed to exercise its discretion, or that its discretion was exercised on reasons clearly untenable, or to an extent clearly unreasonable. *Central Cab, Inc.* v. *Ironside*, 126 Vt. 356, 361, 230 A.2d 790 (1967); *McCutcheon* v. *Leonard*, 114 Vt. 38, 40, 39 A.2d 348 (1944). So long as a reasonable basis for the discretionary action of the trial court is shown to be present, this Court will not interfere. *Lattrell* v. *Swain*, 127 Vt. 33, 41, 239 A.2d 195 (1968); *Grow* v. *Wolcott*, 123 Vt. 490, 496, 194 A.2d 403 (1963).

The plaintiff is a successful business woman, who at the time of separation and for a few years prior to the divorce hearing, was conducting a real estate business in which she averaged a return of approximately twenty thousand dollars a year. She also held a thirty-five per cent interest in the Glen Ellen Corporation, receiving fees of approximately sixteen hundred dollars a month. The defendant was a builder of homes in a ski area; however, his business enterprise was not financially successful.

At the time of the parties' separation in January, 1971, they jointly owned a home and twelve acres of land in Fayston, Vermont. The homestead and land was appraised at a value of between eighty thousand and ninety thousand dollars; the court found the value to be eighty-five thousand dollars. It

was encumbered by a thirty thousand dollar mortgage and a six thousand dollar attachment. The parties also jointly owned a thirty-acre undeveloped parcel of land contiguous to the Glen Ellen ski area. This land was appraised at one hundred and five thousand dollars. It was encumbered by a purchase price mortgage of approximately seventeen thousand dollars and an eighteen thousand dollar attachment lien.

The personal property of the parties was valued at approximately ten thousand dollars. The defendant's equity in his tools of trade approximated five thousand dollars.

The defendant employed a receivable account due him from the Donalds as a down payment on property which he acquired from them. He did not hold legal title to this property at the time of the divorce hearing. It was purchased by him subsequent to the separation, and title was transferred to his father for an antecedent debt. Although not found by the court, the record discloses that the purchase price was fifty thousand dollars; the defendant purchased the property by giving credit for the Donald receivable account, assuming a thirty-five thousand dollar bank mortgage, and giving a second mortgage for the balance upon which approximately nine thousand dollars was due at the time of hearing. The defendant testified that the Donald property equity was in the vicinity of thirty thousand dollars, although he did not consider this as an asset because legal title was in his father.

The six thousand dollar attachment upon the homestead was for materials furnished in connection with the remodeling of the homestead. The eighteen thousand dollar encumbrance upon the thirty acres was for materials purchased by the defendant in connection with his business as a home builder.

When the parties acquired the so-called thirty acre lot, it consisted of forty acres. The parties bought this lot for development and investment. Two houses were built upon it and sold. The plaintiff, then a real estate broker, obtained the sale commissions.

The defendant maintained a building and design account. From this account were paid not only business material and labor expenses, but also family expenses.

The plaintiff deposited her real estate commissions in a separate account and in savings accounts in the names of the

children. A large share of the monies earned by the plaintiff were, with her consent, utilized to pay bills when the building and design account was insufficient to make the payments currently due.

Because of her contributions made during the marriage, the plaintiff urges an entitlement to more than half of the net proceeds resulting from the sales under the terms of the court order. The defendant urges the court to retain the equality of distribution, believing it to be fair and equitable. He does, however, join in objecting to so much of the court's order which provides for an immediate sale of the real estate and the restrictive provisions preventing either party from purchasing any interest in either the homestead or the thirty-acre parcel.

The plaintiff contends that an equitable basis for division of the property would be the granting to her the homestead and land appurtenant thereto subject to her assumption of the encumbrances, which would result in an equity of approximately forty-nine thousand dollars. She would then pay to the defendant one-half of the net equity in the homestead. Against that payment, she would receive credit for one-half of the defendant's tools and equipment (twenty-five hundred dollars) and one-half of the Donald receivable account (forty-five hundred dollars). The thirty-acre lot would be decreed to the parties as tenants in common, subject only to the seventeen thousand dollar purchase money mortgage; the defendant would assume the eighteen thousand dollar encumbrance.

The defendant, on the other hand, stated that all he wanted was what was "half-way fair".

■ The division of property in a divorce action is a matter of discretion vested in the trial court. *Segalla* v. *Segalla*, 129 Vt. 517, 527, 283 A.2d 237 (1971); *Loeb* v. *Loeb*, 118 Vt. 472, 492, 114 A.2d 518 (1955). When ordering the disposition of property, the trial court shall be guided by the statutory authorization for that order, 15 V.S.A. § 751, which states:

> In granting . . . an absolute divorce . . . , upon petition of either party, the court shall decree such disposition of the property owned by the parties separately, jointly,

or by the entirety, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they shall be left by such divorce, to the party through whom the property was acquired and to the burdens imposed upon it for the benefit of the children.

At the close of the divorce hearing, the trial court was faced with the burden of dividing the marriage property without the benefit of any agreement of the parties in the form of a stipulation to such division. See generally, *Strope* v. *Strope*, 131 Vt. 210, 303 A.2d 805 (1973). Therefore, the trial court essentially ordered "the pie cut down the middle". Viewing the facts provided to the trial court by the parties, we find no abuse of discretion as to the fifty-fifty division of the equities to all of the marriage property. Both the plaintiff and the defendant made monetary and manual contributions to the assets of the marriage. The facts do not present sufficient justification to overturn this formula arrived at by the trial court for the division of the marital property.

However, the trial court also imposed two conditions upon the division of the property—(1) it ordered immediate sale of both the homestead and the thirty-acre parcel of land; and (2) "in no event shall either party be permitted to purchase either directly or indirectly by any structure or through any other individual any interest in either the homestead or the thirty-acre parcel referred to above."

Although this Court will not interfere where a reasonable basis for the discretionary action of the trial court is shown to be present (*Brooks* v. *Brooks, supra,* 131 Vt. at 93), a search of the findings and conclusions of the trial court do not indicate either a reasonable basis for those conditions nor what the imposition of those conditions was contemplated to accomplish. In addition, as the plaintiff points out in her brief, ordering the immediate sale of the homestead without the right of the plaintiff, who was awarded custody of the children, to purchase the homestead appears to be inconsistent with the welfare of the children, which the trial court is required by law to consider. 15 V.S.A. § 751; *Tabakin* v. *Tabakin,* 131 Vt. 234, 240–41, 303 A.2d 816 (1973). Such a sale would require the children to be removed from the home-

stead in which both parties essentially agreed the children should remain. The plaintiff stated in her request to find No. 9: "That the homeplace is suitable and preferable for the raising of the minor children", and the defendant stated in his testimony: "I left the home for [the children] with the majority of the personal property in it for them, because it was the kids' home, and I didn't want to uproot them."

The effect of the two conditions imposed by the trial court on the division of the property is to, in fact, "uproot" the children from the homestead. The homestead was ordered to be sold immediately with no possibility of reacquisition by the plaintiff, who was awarded custody of the children.

■ In addition, the prohibition against either of the parties acquiring an interest in either the homestead or the thirty-acre parcel in the order of distribution creates a restraint on alienation, upon which the law casts a scornful eye. See 4 Restatement of Property, Restraint on Alienation, Introductory Note at 2379–80 (1944). "All restraints on alienation run counter to the policy of freedom of alienation so that to be upheld they must in some way be justified." Id. § 405, comment a at 2390.

Without making any findings indicating some reasonable basis or justification for imposing the two conditions which operate adversely to the benefit of the children and run contra to the policy of freedom of alienation, the trial court has provided this Court with nothing to show on what grounds or reasons it exercised its discretion. Under these circumstances, we hold that the trial court had abused its discretion in imposing the two conditions in its order of distribution of property. Strope v. Strope, supra, 131 Vt. at 218.

■■ The plaintiff's claim of abuse of discretion in "failing to order that the defendant and father of the minor children contribute toward the support of the children" is without merit. The facts presented to the trial court showed the plaintiff to be in a superior financial situation and presented the defendant as presently under the burden of financial setbacks. Furthermore, orders for support are not final, and may be modified from time to time as circumstances require. 15 V.S.A. §§ 292, 758.

In reversing the order concerning the disposition of the property, we are mindful that a situation may very well exist necessitating the conditions imposed in that order. However, the basis and justification for such conditions must be made a part of the findings of fact in order to show that the trial court was not attempting to wield absolute or unlimited discretion.

*The decree is affirmed except as to paragraphs four and five, which are reversed and remanded for further consideration in the light of the views expressed in the opinion. Neither party to recover their costs in this Court.*