Environmental Court of Vermont
State of Vermont

================================================================================
E N T R Y   R E G A R D I N G   M O T I O N
================================================================================

In re Fecteau Capital Heights Subdivision          Docket No. 292–12–08 Vtec

Project:      Capital Heights Subdivision

Applicant:    Fecteau Residential, Inc., d/b/a Fecteau Homes
              (Appeal from DRB denial of request for extension of time in which
              to file final plat application)

Title: Motion for Summary Judgment, No. 1

Filed:        April 20, 2009

Filed By: Attorney Joseph S. McLean, Attorney for Appellee City of Montpelier

Response filed on 05/18/09 by Attorney John F. Nicholls, for Appellant Fecteau
Residential, Inc., d/b/a Fecteau Homes

Reply filed on 06/01/09 by Appellee City of Montpelier

_X_ Granted (in part)      _X_ Denied (in part)      ___ Other


        This appeal concerns the efforts of Fecteau Residential, Inc., d/b/a
Fecteau Homes ("Fecteau") to secure municipal land use approval for its
proposed two-lot subdivision and planned use development ("PUD") of land
located between River Street and Isabel Circle in the City of Montpelier.
Fecteau received the equivalent of preliminary plat approval for its proposed
development on January 16, 2007, which provided that the approval would expire
if Fecteau had not applied for final plat approval within two years.

        Fecteau failed to submit an application for final plat approval by
January 16, 2009.  Rather, on July 18, 2008, Fecteau requested that its final
plat application deadline be extended to January 16, 2012.  When the City of
Montpelier Development Review Board ("DRB") denied its extension request,[1]
Fecteau filed a timely appeal with this Court.

        Now pending before the Court is the City of Montpelier ("City") motion
for summary judgment as to both of the Questions Fecteau posed in its Statement
of Questions.  For the reasons more specifically stated below, we DENY the
City's motion as to Fecteau's Question #1, but GRANT the City's motion as to
Fecteau's Question #2.

        By its Question #1, Fecteau asks whether the DRB has "the authority to
grant an extension of time to complete the filing of the final permit
application?"  Id.  By its pending motion, the City asks this Court to rule as
a matter of law that the DRB has no such authority.  While we agree that the
City of Montpelier Zoning and Subdivision Regulations ("Regulations")[2] do not

_____

[1] See DRB Notice of Decision dated November 17, 2008, a copy of which the City supplied as Exhibit A.

[2] The Regulations in effect when Fecteau filed its first application were adopted on August 21, 2002; the Regulations
have since been further amended, effective May 14, 2008.  For purposes of our legal analysis here, the distinction
between these two versions of the Regulations is not material.

contain a specific provision authorizing the granting of extensions for permit conditions, we cannot conclude that the DRB in the first instance, or this Court on appeal, is prohibited from considering and granting an extension of time to conform to a permit condition.

The City also correctly notes that Chapter 151 to title 24—the source for a Vermont municipality's authority to enact land use regulations—also does not contain a provision that specifically authorizes the granting of extensions of time. However, municipal regulations and the provisions of Chapter 151 are not the only source for the legal authority and obligations in municipal land use regulation. Because our judicial system is premised upon the precedent of case law, municipal land use regulation is also governed by precedent from our Supreme Court, which has repeatedly recognized that entities that secure municipal permits enjoy certain vested rights.

Most recently, our Supreme Court relied upon the doctrine of vested rights to affirm the approval of a site plan application, based upon municipal regulations that had been amended and superseded long before that specific application was filed. In re Sisters and Brothers Investment Group, 2009 VT 58. While the facts of that case are somewhat unique (Sisters and Brothers had previously been directed to seek conditional use approval, which it did, but which the Supreme Court ultimately found was not required. Id. at ¶2 (citing In re Sisters & Brothers Inv. Group, No. 2004–495, slip op. (Vt. May 5, 2005)(unpublished mem.))), the Court based its affirmation of the after-acquired site plan approval on general notions of equity and fairness. Id. at ¶11 ("When a town erroneously informs a landowner that a proposed use is not permitted, the landowner then submits a conditional-use application rather than a site-plan application in reliance on that representation, and the town then amends its regulations to explicitly bar the use it maintained was not permitted, the applicant has a right to apply for site-plan approval with the benefit of the original use determination.").

We are presented with a different, but similar legal issue here: whether a reviewing body may grant an extension of time to conform to a previously issued permit condition. Were we to adopt the City's strict reading of its Regulations, the DRB would have no authority to grant extensions of time for any purpose. As Appellant appropriately notes, there is also an irony in the City's position of the dangers in granting an applicant additional time to file a final plat application, given that final plat approval, once granted, may extend over a period of fifteen years.

We review this appeal on a de novo basis and, as such, are directed to "hear the evidence anew . . . as though no decision has been previously rendered. In re Poole, 132 Vt. 242, 245 (1978). We note, however, that the DRB decision appealed from here reflects that the DRB addressed the substantive merits of Appellant's extension request—based upon clear, practical standards concerning the favorable and detrimental consequences of granting Fecteau's request—which if granted would allow Fecteau's project to remain in a preliminary plat review stage for four and a half years. We are unaware how the DRB, in the first instance, concluded that it could entertain Fecteau's extension request, and then, in the second instance, the City argues here that the DRB had no authority to entertain any extension request. If the City objected to its DRB's determination that the DRB had authority to consider an extension request, the City could have appealed that determination. In re Appeal of Tekram Partners, 2005 VT 92, ¶8, 178 Vt. 628 (A municipality, as with any interested person, must file a timely appeal if it wishes to contest a zoning decision.).

For these reasons, we conclude that the DRB has the authority to consider requests for extensions of time. This authority derives not from a specific provision of the Regulations, but from the general authority, articulated by our Supreme Court, to respect the vested rights of an applicant and determine the favorable and detrimental consequences of granting the requested time extension. We therefore DENY the City's motion for summary judgment as to Fecteau's Question #1.[3]

This resolution of Fecteau's Question #1 leaves an unstated question to be answered: what happens next? Fecteau's Question #1 does not specifically ask whether its extension should be granted. As noted above, the DRB considered that question by applying practical standards concerning the favorable and detrimental consequences that could flow from Fecteau's project remaining in a preliminary review stage for four and a half years.

We conclude that Fecteau's Question #1 includes an implicit request for this Court to address another question: should Fecteau's extension request be granted. We recognize this implicit question for two reasons: first, the DRB did not appear to struggle with the initial question of whether it could entertain such a request; its Decision speaks primarily to the merits of Fecteau's extension request. Were we to only answer the narrow confines of Fecteau's Question #1, we would leave unresolved whether the DRB's denial should stand. We assume Fecteau's appeal was motivated by a desire for a substantive review of its extension request.

We also recognize this implicit component of Fecteau's Question #1 because we are charged with "ensur[ing] summary and expedited proceedings consistent with a full and fair determination" for each case that comes before us. V.R.E.C.P. 1. See also In re Champlain College Maple Street Dormitory, 2009 VT 55, n.1 (stating that while dismissal of an appeal may be technically required, dismissal is not appropriate where it "would not serve the interests of judicial economy or any of the persons or entities involved" (citing Kelly v. Lord, 173 Vt. 21, 34 (2001))). Thus, we direct that the parties next prepare for a hearing on the merits of Fecteau's request for an extension of time in which to file its final plat application.

We next turn to Fecteau's Question #2, which asks this Court to determine whether the DRB also had the authority to grant "an extension in 2007." We understand Fecteau to be referring to the DRB's initial conditional approval of its project. See DRB Notice of Decision dated January 16, 2007 (a copy of which the City has supplied as Exhibit B). In actuality, the DRB didn't "grant an extension" in 2007. We understand that Fecteau is referring to the fact that the DRB in 2007 afforded Fecteau two years to submit its final plat application, even though the then-existing Regulations provided that final plat applications should be filed within six months of conditional approval. Regulations § 605.G.

In any event, we decline to answer Fecteau's Question #2. As the City correctly notes, and Fecteau concedes, no party appealed the DRB's 2007 Decision. That Decision has therefore become final and cannot be contested in this proceeding. 24 V.S.A. § 4472(d). Thus, neither party in this proceeding may now question the DRB's decision in 2007 to allow Fecteau a two-year period in which to file its final plat application. We therefore DISMISS Fecteau's Question #2.

---

[3] We emphasize that our determination today is a narrow one: we are only concluding that the authority exists to consider an extension of time request. We <u>do</u> <u>not</u> render a decision today on whether Fecteau's pending extension request should be granted.

We have directed the Court Manager to schedule a pre-trial conference with the parties to determine the trial schedule. A Notice of that telephonic conference accompanies this Entry Order. The parties should be prepared to discuss their estimates on the length of trial and their unavailable dates for trial in February and March, 2010.

_____     __September 18, 2009___
Thomas S. Durkin, Judge                              Date

===========================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:

John F. Nicholls, Attorney for Appellant Fecteau Residential, Inc., d/b/a Fecteau Homes
Joseph S. McLean, Attorney for Appellee City of Montpelier
Interested Person Stonewall Meadows I Owners' Assoc. Inc.
Interested Person George B. Johnson