VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No. 22-AP-103

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SEPTEMBER TERM, 2022

Karen L. Babcock v. Richard N. Babcock, Sr.*   }   APPEALED FROM:
                                                          }   Superior Court, Franklin Unit,
                                                          }   Family Division
                                                          }   CASE NO. 109-6-20 Frdm
                                                           Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Husband appeals from a final divorce order, arguing that the family division improperly divided the marital assets. We affirm.

Husband and wife are seventy-five and seventy-six years old, respectively. They married in 1973 and separated in 2014. In June 2020, wife filed for divorce. The court held a final hearing over three days in November 2021 and January and February 2022, after which it issued a written decision containing the following findings.

Husband was previously married. His first wife died, leaving him with two young children. When the parties married, wife became the primary care provider for these children. Husband and wife eventually had two more children together, and wife cared for them until the youngest turned eighteen in 1997.

At some point during the marriage, wife obtained certification as a licensed practical nurse and began working at a pediatrician's office, where she was employed for twenty-five years. She worked part-time at first, and then four days a week until she left that position in 2013. Wife also continued to do housework and care for the children during this period. Husband worked full-time for IBM and was the primary breadwinner during most of the marriage. He also helped care for the children and the home. He suffered back and shoulder injuries in the 1980s that resulted in multiple treatments and surgeries. Eventually he stopped working and obtained disability benefits.

The parties purchased the marital home in Georgia, Vermont, in 1974. In 1994, they purchased an adjacent parcel of land. The property is a four-bedroom raised ranch with twelve acres of land. After they separated in 2014, wife moved out, and husband lived alone in the home through the final hearing. The home was the subject of a foreclosure proceeding at the time of the divorce hearing. The court found that it was worth about $375,000. The parties agreed that

the home was the principal marital asset and that it should be sold. Neither sought spousal maintenance.

After considering the factors set forth in 15 V.S.A. § 751(b), the court concluded that an approximately even distribution of the marital assets was equitable. It ordered the parties to list the marital home for sale with a realtor and to split the fees and the net proceeds after paying off their joint debt. The court awarded each party the personal property in his or her possession.

Husband filed a motion to alter or amend, requesting that the court find that he had been solely responsible for paying the mortgages on the marital home since 2014, without any contribution from wife, and that these payments totaled $148,564.79. He further argued that the court should have found that husband used $57,000 that he received from a personal-injury lawsuit to pay for improvements to the marital home. He argued that the evidence on these points was unopposed and that the property division should be adjusted to grant him a larger share of the home equity to reflect his financial contributions. The court denied the motion, stating that it had already considered the issues raised by husband in fashioning its final order.

On appeal, husband argues that the property award is inequitable because the court failed to give him sufficient credit for the improvements he paid for out of his personal-injury settlement or the sums he paid toward the mortgages after the parties separated.

In a divorce proceeding, the court is required to "equitably divide and assign" marital property, and it may consider various statutory factors in rendering its decision. 15 V.S.A. § 751; see also Cabot v. Cabot, 166 Vt. 485, 500 (1997). "[A]n equitable division does not necessarily mean an equal one." Lee v. Ogilbee, 2018 VT 96, ¶ 29, 208 Vt. 400. "The court need not specify the weight given to each factor, but is required only to provide a clear statement as to what was decided and why." Molleur v. Molleur, 2012 VT 16, ¶ 15, 191 Vt. 202 (quotation omitted). The family division has "wide discretion" in equitably dividing the property, and we will not disturb an award unless that discretion has been abused. Jenike v. Jenike, 2004 VT 83, ¶ 12, 177 Vt. 502, 505 (mem.).

The court's award in this case was within its discretion. The court found that this was a long-term marriage of over forty years. Both parties were retired and were equally situated in terms of their income, current and future needs, and abilities to obtain assets and income in the future. The court did not find either party to be at fault for the dissolution of the marriage. Although the court declined to make a specific finding regarding how husband spent the proceeds of his personal injury settlement, the court credited husband with providing most of the financial contributions to the marital home during the marriage. However, it also found that wife's contributions as a homemaker and primary care provider for the parties' four children, coupled with her later financial contributions from her work at the pediatrician's office, made an equal division equitable. The evidence supports the court's finding that both parties made significant financial and other contributions during their lengthy marriage, justifying an equal division of the primary marital asset. See vanLoon v. vanLoon, 132 Vt. 236, 241 (1974) (finding no abuse of discretion in fifty-fifty division of marital assets where both plaintiff and defendant "made monetary and manual contributions to the assets of the marriage"); see also Golden v. Cooper-Ellis, 2007 VT 15, ¶ 35, 181 Vt. 359 (affirming "a nearly exact fifty-fifty division of the marital assets" to husband and wife in divorce proceeding following long-term marriage); Guiel v. Guiel, 165 Vt. 584, 584 (1996) (mem.) (upholding court order that "the parties' assets be divided roughly equally, and that husband pay wife permanent maintenance in an amount sufficient to equalize the parties' incomes").

2

As for husband's argument that he should have been credited for the post-separation mortgage payments, we see no error. The court indicated in its order denying husband's motion to reconsider that it had considered husband's testimony about the mortgage payments in dividing the property.[*] It had discretion to weigh the evidence and make its own determination about the parties' respective contributions to the marital estate. See Casavant v. Allen, 2016 VT 89, ¶ 21, 202 Vt. 606 ("When evidence in the record supports different conclusions we leave it to the sound discretion of the family court to determine the credibility of the witnesses and to weigh the evidence." (quotation omitted)). While husband testified that he made most of the mortgage payments after the parties separated without any contribution from wife, he also had the benefit of living in the home during that time. To the extent that husband is arguing that he made a greater contribution to the preservation of marital assets, this argument is undermined by the fact that the home was the subject of a foreclosure proceeding at the time of the divorce hearing. There was evidence suggesting that husband resisted selling the home even though he was apparently unable to afford it. Moreover, it was unclear why the parties had two mortgages in 2014, as husband testified that they originally purchased the home in 1974 with cash from the sale of husband's previous home. Under these circumstances, we cannot say that it was an abuse of discretion for the court to equally divide the relatively limited amount of equity remaining in the marital home.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

[*] The court reasoned as follows: "All of the issues that defendant raises in his motion were considered in the final order. There is no new evidence nor any evidence that was not considered." Although we affirm the judgment in this case, we note that this type of conclusory statement is not preferred and could lead to reversal under different circumstances, as it might not be adequate for us to determine whether the court acted within its discretion.