ARMAND C. ARCHAMBAULT *v.* CASELLINI-VENABLE CORPORATION.

(49 A2d 557)

October Term, 1946.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 6, 1946.

*Finn & Monti* for the defendant.

*Abare & Sargent* for the plaintiff.

STURTEVANT, J. This is an action of "justice ejectment". *La-Fleur et al.* v. *Smith,* 95 Vt 476, 477, 478, 115 A 729. Trial was by the Barre Municipal Court, findings of fact were made and filed and the plaintiff had a judgment below to which the defendant excepted and the case is here upon this and various other exceptions saved and briefed by the defendant.

The plaintiff bases his alleged right to maintain this suit on two grounds: first, that the lease under which the defendant occupied certain premises in Barre had been terminated by a notice sent to the defendant by the plaintiff in accordance with the provisions of the lease for its termination.

Material to this issue the findings include the following facts.

"2. The said lease, by its terms, provided as follows: The term of this lease is to be for the period from November 1, 1940, until June 1, 1943, and in the event that the Party of the Second Part shall fail to give to the Party of the First Part notice of its' intention to vacate the leased premises on or before April 1, 1943, then this lease shall continue from year to year after the date of June 1, 1943, and until the Party of the Second Part has given notice of their intention to vacate the said premises provided however, that such notice of intention to vacate shall be given on or before the 1st day of April of the year of expiration and further provided that the Party of the First Part reserves the right to cancel this lease at any time during the term of this lease by giving three months' notice in writing to the Party of the Second Part provided, however, that such notice of cancellation shall be given during the months of April, May, June or July of any year during the time that this lease shall be in force."

The letter relied upon by the plaintiff as terminating the lease is set forth in Finding No. 6, which finding is as follows:

"6. The plaintiff bases its right to the possession of said premises and its right to maintain its said action of ejectment partially upon the ground that on the first day of April, 1944, he mailed by U. S. mail, in a letter deposited in the U. S. Post Office in the City of Barre, Vermont, on April 1, 1944, which was received by the defendant on April 3, 1944, through the course of said mails, which letter is in words and figures as follows:

March 30, 1944

Mr. Joseph O. Casellini, Pres.
Casellini-Venable Corp.
Barre, Vermont

Dear Sir:

I am hereby giving you a three month notice, in accordance with our agreement, that I may wish to have you vacate the garage property on July 1, 1944.

We are giving you this notice in as much as we are working on an expansion plan and providing we get the priority to put in another locker room we shall require this space.

I will give you a final thirty day notice as to the date I would like the property vacated.

On and after July 1, 1944, the notice of evacuation will be given thirty days in advance instead of ninety days as per previous agreement.

Very truly yours,

(Signed) A. C. Archambault"

That this so-called notice had no effect as notice to terminate the lease is self evident. It was not a three month notice as provided in the lease and it was indefinite in terms. When a lease expresses an agreement for notice, the time, mode and manner must conform to it. Saund. Pl. and Ev. 574.

In Finding No. 16 the court states that a certain conversation had by the parties in August, 1944, did not reinstate the lease but that the defendant continued to occupy the premises as a

tenant at will, subject to be terminated on thirty days notice. This finding is based upon the letter dated March 30, 1944, above set forth and is, in effect, a finding that said letter terminated the lease. However, for reasons above stated we hold that this letter was not sufficient to and did not terminate the lease. The findings also state that the plaintiff sent the defendant a letter dated November 16, 1944, in which the plaintiff stated that it would be necessary for the defendant to vacate the premises not later than January 1, 1945. We have already seen that when this letter was written the defendant was occupying the premises under the lease and was entitled to a three month notice to quit. It follows that the November 16, 1944, letter was without force or effect. Finding No. 16 contains conclusions of law inconsistent with other facts found. Therefore, we disregard it. *Mancini* v. *Thomas et al.,* 113 Vt 322, 331, 34 A2d 105. The defendant's exceptions to this finding are sustained.

We now come to a consideration of the plaintiff's second ground upon which he bases his alleged right to maintain this action, that is, the failure of the defendant to pay the December, 1944, rent when due. Concerning this matter the findings show the following facts.

While the rent reserved in the lease was $90.00 payable on the first day of each and every month that the lease should be in force, this sum was reduced to $80.00 payable on the first day of each month during the above stated period. The rent payable each month during all the time here material has been $80.00. The defendant went into possession of the premises November 1, 1940, and the lease is dated November 20, 1940. The lease contains the following statement as to rent.

> "It is further mutually agreed that in event the said Party of the Second Part shall fail or neglect for a period of thirty (30) days to pay any installments of rent which are due under the terms of this lease, then in that event it shall be lawful, and the Party of the First Part shall have the right to treat this lease as vacated and may without demand re-enter and take possession of said premises as of this former estate therein, or resort to any other legal remedy."

The defendant failed to pay the $80.00 rent due December 1, 1944, until he mailed the plaintiff a check for same on January 3, 1945, which was received by the plaintiff on the day following and has since been retained by him. The plaintiff brought this suit January 2, 1945. He made no demand for either the December or January rent. Neither did he declare any forfeiture of the lease before bringing this action and prior to that time he had made no demand on the defendant to vacate said premises except by the letter dated November 16, 1944, which we have seen was without force or effect. On February 7, 1945, the defendant tendered to the plaintiff the sum of $168.28 to cover the rent for January and February 1945, interest on this past due installment and costs of suit up to that time. The true amount then due to cover all the items above mentioned was $167.74. Therefore, the amount tendered was $.54 in excess of the amount actually due to cover the items mentioned. The plaintiff refused to accept the tender and it was kept, as he knew, subject to his call, until March 30, 1945, when before judgment it was paid into court subject to his call if the plaintiff would have it.

P. L. 1941 states as follows:

> "In actions of ejectment for nonpayment of rent, the plaintiff shall not be required to prove a demand of the rent in arrear or a stipulation for re-entry on nonpayment of rent or a re-entry on the premises, but shall recover judgment as if the rent in arrear had been demanded and re-entry made; but if the defendant in such action, before final judgment, pays into court the rent in arrear with interest and costs of suit, such action shall be discontinued."

■■■ It is to be noted that the provisions in the lease hereinbefore set out provide that if the defendant shall fail for a period of thirty days to pay any installment of rent then due under the terms thereof, the plaintiff may treat the lease as vacated and may re-enter the premises without demand for same. The lease makes no provisions for a demand of payment of rent. However, this is not material. Failure to pay rent when due does not forfeit and terminate a lease. It may be cause for terminating it but to accomplish its termination it is essential to the right of repos-

session of the demised premises that demand be made of the actual rent due as required by the rules of the common law. For a statement of these rules see *Willard* v. *Benton,* 57 Vt 286, 287, and 289. Even such demand does not so far terminate the lease as to prevent the tenant from bringing his rent into court, when sued in ejectment for the possession of the demised premises and thus relieve himself from forfeiture. *Capital Garage Co.* v. *Powell,* 96 Vt 145, 148, 118 A 524; *Willard* v. *Benton,* 57 Vt 286, 288, 289; *Maidstone* v. *Stevens,* 7 Vt 487, 490, 491; *Jamaica* v. *Hart,* 52 Vt 549, 553; *Rosenberg* v. *Taft et al,* 94 Vt 458, 464, 111 A 583. The right of the defendant to relieve himself of forfeiture for nonpayment of rent by bringing his money into court as above stated is secured to him by the provisions of P. L. 1941 hereinbefore set out and that remedy is not denied, either at law or in equity, by failure to pay rent as stipulated in the lease or failure to deliver possession of the demised premises under a promise in the lease to do so upon failure to pay rent when due. *Capital Garage* v. *Powell et al,* 96 Vt at page 148, 118 A 524, and cases cited; *Willard* v. *Benton,* 57 Vt at 289.

The conclusions we have reached make it unnecessary to consider other exceptions saved and briefed by the defendant. From what has been hereinbefore stated, it follows that the court was without authority to render judgment for the plaintiff under the circumstances set forth in the findings. The case should have been discontinued in accordance with the provisions of P. L. 1941.

*Judgment for the plaintiff reversed and cause remanded with instructions that the case be discontinued in accordance with the provisions of P. L. 1941. Let the defendant recover his costs and also $.54 additional, such being the amount in excess of rent, interest and costs due when he paid his money into court.*