tVERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT  05401
802-863-3467
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-05207



**526 Heineberg Drive, LLC et al v. Christopher Jacobs**

## ENTRY REGARDING MOTION

Title:        Motion to Dismiss with Supporting Memorandum (Motion: 1)
Filer:        Daniel C. Schmidt
Filed Date:   December 19, 2025

### DECISION AND ORDER

Plaintiffs 526 Heineberg Drive, LLC, Constance Coates and William Coates brought this action against Defendant Christopher Jacobs for ejectment, damages and breach of lease.[1] Jacobs has moved to dismiss under Rule 12(b)(1) and (6).[2]  Plaintiffs oppose.  Counsel represent all parties.  For the reasons that follow, the court GRANTS Jacobs' Motion (Mot. 1).

### I.  Background[3]

The parties have a written rental agreement for a Colchester residence Jacobs has leased from Plaintiffs since August 2015.  The lease addendum makes clear that the tenancy falls under the U.S. Housing and Urban Development ("HUD") Section 8 Tenant-Based Assistance to Housing Choice Voucher Program ("Section 8").[4]  The agreement limits Plaintiffs' permissible termination grounds to include without limitation "[o]ther good cause"[5] like a "business or economic reason" "such as sale of the property" applicable to this case.[6]  Plaintiffs' October 10, 2025 termination notice to Jacobs provided that reason as the basis of termination, citing the

---

[1] (Compl.)

[2] Jacobs bases his Motion on Plaintiffs': (1) failure to include current Violence Against Women Act notices (Mot. Sec. I); (2) failure to allege sufficient facts (Mot. Sec. II); (3) allegedly defective termination notice (Mot. Sec. III); and (4) termination notice alleged violation of Vermont's Consumer Protection Act (Mot. Sec. IV).  The court cites to the Motion's Section numbers because Jacobs has not numbered the Motion's pages.

[3] This section focuses on the allegations most relevant to the pending Motion.

[4] (Compl. Ex. 1.)  Both parties incorporate by reference into their filings the documents cited by the court in disposing of the Motion, making the court's consideration of them appropriate.  *See* Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004 and Supp. 2007).

[5] (*Id.* § 8(b)(4), at 11.)

[6] (*Id.* § 8(d)(3)(c), at 11.)

applicable lease and HUD contract provisions and stating plainly, "Your landlord intends to sell the property . . . ."[7]

The notice, sent by certified mail, provided a termination date of November 19, 2025.[8] That gave Jacobs 38-days' notice, once accounting for the rebuttably presumptive three-day statutory mailing period. 9 V.S.A. § 4451(1). The word "breach" appeared nowhere in the notice.[9] The notice did not reference § 8(b)(1) of the lease addendum that allows Plaintiffs to terminate for "[s]erious . . . violation of the lease."[10]

Plaintiffs commenced this action on November 21, 2025. The Complaint contains three counts for (1) ejectment, (2) damages to premises and (3) breach of lease.[11] Count 1 alleges that Jacobs "was given a proper notice of termination for breach of lease," citing the notice referenced above.[12] Count 3 alleges that Jacobs' "tenancy has been terminated for breach of lease" and copies and pastes from the termination notice.[13] The excerpt of the notice in the Complaint, like the notice itself, does not contain the word "breach" and does not reference § 8(b)(1) of the lease addendum regarding "serious . . . violation of the lease."[14]

## II. Discussion

Rule 12(b)(1) permits motions to dismiss for lack of subject matter jurisdiction. V.R.Civ. P. 12(b)(1). The Vermont Supreme Court "agree[s] generally" "that the superior court has no jurisdiction over an eviction action unless proper notice is served in accordance with statutory requirements." *Andrus v. Dunbar*, 2005 VT 48, ¶¶ 9–10.

The outcome of this Motion depends on the propriety of the termination notice. Termination for Jacobs' breach of the lease requires 30-days' notice, while a no-cause termination in a case like this requires 60-days' notice. 9 V.S.A. § 4467(b), (e). The notice in this case provided Jacobs with 38 days' notice.

Our state's highest court has made clear that the Vermont Residential Rental Agreements Act demands a "'landlord's punctilious compliance with all statutory eviction procedures, including notice provisions.'" *In re Soon Kwon*, 2011 VT 26, ¶ 14 (citation omitted). "'[A]

---

[7] (Compl. Ex. 2.)

[8] (*Id.*)

[9] (*Id.*)

[10] (*Id.; Id.* Ex. 1 Part C, §8(b)(1), at 11.)

[11] (Compl.)

[12] (*Id.* Count I.)

[13] (*Id.* Count III.)

[14] (*Id.*)

tenant cannot be put in the position of having to speculate on the meaning and legal effect of the landlord's actions.'" *Bennington Hous. Auth. v. Lake*, 2012 VT 82, ¶ 15 (quoting *Andrus v. Dunbar,* 2005 VT 48, ¶ 13 (mem.).

As far as this court can tell, our state supreme court has not defined "punctilious" in the eviction context. It has used the term in three landlord-tenant cases, ruling twice for the tenant. *See Vermont Small Bus. Dev. Corp. v. Fifth Son Corp.*, 2013 VT 7, ¶ 15 (2013) ("There is no reason to require less 'punctilious compliance' with terms of a lease providing for notice in the nonresidential context."); *In re Soon Kwon*, 2011 VT 26, ¶ 14. In its single ruling for the landlord, the court limited and clarified its holding to circumstances not applicable to this case. *Panagiotidis v. Galanis*, 2015 VT 134, ¶ 9 ("We did not intend to suggest that, in a nonresidential context, we would refuse to accept a form of notice that is at least as effective, and actually more certain, than that provided in the lease.") The court concludes that the Vermont Supreme Court used the word "punctilious" in this context with all the word's unambiguously demanding denotation and connotation.

Plaintiffs have not met that standard in this case. Their 38-day notice of termination does not suffice. Jacobs has resided in the apartment for more than two years under a written rental agreement. The Residential Rental Agreements Act's mostly closely analogous provision requires 60-days' notice for a no-cause termination in these circumstances. 9 V.S.A. § 4467(e).[15] The court concludes that requirement applies to this case.

The court does not share Plaintiffs' view that the 30-day notice provision in 9 V.S.A. § 4467(b)(1) applies to this case. That provision applies "for failure of the tenant to comply with a material term of the rental agreement." *Id.* That language more closely parallels the "[s]erious . . . violation of the lease" provision in § 8(b)(1) of Jacobs' lease addendum.[16] Plaintiffs' termination notice to Jacobs did not use those words or cite that provision. Nor do Plaintiffs allege that Jacobs' actions prompted the termination. *See* 9 V.S.A. §4467(b). For Jacobs to interpret Plaintiffs' notice that "[y]our landlord intends to sell the property" as notice that he has breached his lease, subjecting him to a shorter notice period, would require him impermissibly "to speculate on the meaning and legal effect of the landlord's actions." *Bennington Hous. Auth.* 2012 VT 82, ¶ 15.

Given Plaintiffs' defective termination notice to Jacobs, the court lacks jurisdiction over this case and may not reach the remaining arguments.

---

[15] No party suggests that the 30-day notice provision of 9 V.S.A. § 4467(d) applies to this case where a written rental agreement exists.

[16] (Compl. Ex. 1 §8(b)(1), at 11.)

### III. Order

For the reasons discussed above, the court GRANTS Jacobs' Motion to Dismiss (Mot. 1). The court DISMISSES this case WITHOUT PREJUDICE for lack of jurisdiction.

Electronically signed pursuant to V.R.E.F. 9(d) on February 5, 2026.

Colin Owyang
Superior Court Judge