VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-307

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2026

Londonderry Industrial Park, Inc.\* v.    } APPEALED FROM:
Jamaica Cottage Shop, Inc., A New        }
Hampshire Corporation                     }
                                          } Superior Court, Windham Unit,
                                          } Civil Division
                                          } CASE NO. 24-CV-02523
                                          } Trial Judge: Rachel M. Malone

In the above-entitled cause, the Clerk will enter:

Landlord appeals the trial court's decision granting judgment to tenant in this commercial ejectment action.  On appeal, landlord argues that the trial court erred in concluding that the termination notice was insufficient, tenant's improvements did not require prior permission by landlord, and tenant's rent withholding was warranted.  We conclude that the notice of termination was insufficient under the terms of the lease and affirm judgment for tenant on this basis.

Landlord owns commercial property in Londonderry.  In 2021, landlord agreed to lease the property to tenant for tenant's business operations of manufacturing sheds, accessory buildings, outhouses, barns, and other small structures.  The lease provided an initial three-year term, to expire in June 2024, with options to renew.  Tenant was obligated to pay monthly rent. The lease provided that tenant was obligated to conduct any construction or remodeling at tenant's expense and could construct fixtures at its expense, but that "[s]uch construction shall be undertaken and such fixtures may be erected only with the prior written consent of the Landlord which shall not be unreasonably withheld."  The lease further indicated: "No notice under this Lease shall be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, and copied by email [at the provided addresses]."  There followed addresses for both tenant and tenant's attorney.

In April 2024, landlord sent tenant notice that it was terminating the lease due to tenant's underpayment of April rent and the completion of improvements on the property without landlord's prior written approval or the proper permits.  Tenant responded, asserting that the notice provided did not comply with the lease requirements, the withholding of rent was for proper deductions of repairs authorized by landlord, and that the improvements to the property

did not amount to structural changes that required prior approval. Tenant requested that permission for the improvements be provided, if required. Landlord did not respond to tenant's letter. Landlord then brought suit to eject tenant from the property.

In July 2025, the court held a bench trial on the merits.* At the close of landlord's case, tenant moved for judgment on partial findings under Vermont Rule of Civil Procedure 52(c), arguing that landlord failed to establish valid notice of termination of the lease and did not prove tenant defaulted. The court made the following findings on the record and granted tenant's motion. Landlord failed to provide valid notice of termination to tenant because landlord did not demonstrate that the notice was sent by mail or copied by email to tenant's attorney, as required by the lease. Landlord also did not establish a breach of the lease terms regarding rent or improvements because tenant was justified in deducting money from rent for certain maintenance work for which landlord was responsible. Although tenant improved the property, these improvements were temporary and did not require prior written consent because this pertained solely to construction of "fixtures." Finally, landlord did not provide tenant with a reasonable opportunity to cure any defect. Landlord did not respond to tenant's communication offering to cure and asking for permission for the modifications that were made. Landlord appeals.

In reviewing judgment on partial findings under Rule 52(c), this Court reviews "the trial court's conclusions of law de novo, and its underlying factual findings for clear error." Gladstone v. Stuart Cinemas, Inc., 2005 VT 44, ¶ 10, 178 Vt. 104.

On appeal, landlord first argues that the record shows that tenant had actual notice of the termination, and this was sufficient to comply with the purpose of the notice provision in the lease, which landlord asserts was to allow tenant to cure the default. Landlord likens the situation to that in Panagiotidis v. Galanis, 2015 VT 134, 201 Vt. 57, in which the lease provided that notice would be deemed given if sent by certified mail and the landlord delivered notice by personal service. This Court affirmed the trial court's conclusion that service was sufficient because the purpose of the service under the lease was to trigger the ten-day cure period, and the method used to notify the tenant was more certain to reach the tenant than that indicated in the lease. Id. ¶ 8.

Landlord contends that here the notice was sent by email to tenant, and this was sufficient to allow tenant an opportunity to cure the default. Landlord indicates that the fact that tenant's counsel responded to the notice demonstrates that counsel received actual notice of the termination.

We conclude that this case is distinguishable from Panagiotidis, and that the notice provided by landlord did not satisfy the requirements of the parties' agreement. First, this case differs from Panagiotidis because the language of the lease's notice provision here is explicit in requiring a particular type of notice to be valid. "When interpreting a contract we will only stray from plain language where the terms are unclear or ambiguous." Downtown Barre Dev. v. GU Mkts. of Barre, LLC, 2011 VT 45, ¶ 9, 189 Vt. 637 (mem.). If the contract language is clear,

---

* During the hearing, when exhibits were offered, the attorneys did not always identify the item being offered and marked as an exhibit. Because the appellate record is limited to "the documents, data, and exhibits" filed in the trial court, V.R.A.P. 10(a)(1), it is important to clearly identify each exhibit being offered at the hearing even if there is no objection to the admission.

"this Court must interpret the intentions and understanding of the parties as they are declared within the agreement." Id. In Panagiotidis, the lease indicated that any notice would be deemed given if sent by certified mail but did not require notice exclusively by mail. 2015 VT 134, ¶ 5. Here, however, the lease requires notice to be sent in a particular manner for it to be valid. It states: "No notice under this Lease shall be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, and copied by email, addressed to the parties . . . ." The notice did not comply with this provision and was therefore not "valid" under the plain language of the lease. See Deschenes v. Congel, 149 Vt. 579, 583 (1988) ("In Vermont, when a lease expresses an agreement with regard to notice of termination, the time, mode and manner of such notice must conform to the agreement.").

This case also differs from Panagiotidis in that the tenant in that case was given notice through in-person service, which this Court noted was more effective than the method deemed sufficient in the lease. Here, in contrast, the trial court found that landlord did not establish that the notice was sent by mail or that it was copied by email to tenant's attorney. Therefore, the notice sent solely by email to tenant was not a more effective method than the one specified in the parties' agreement.

Because the notice provided in this case did not comply with the plain language of the lease, landlord's termination letter was ineffective, and judgment was properly entered for tenant. Therefore, we do not reach the additional arguments raised by landlord.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice

3