VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-04941



**Lizabeth's Pine West, LLC d/b/a Lizabeth PineWest, LLC v. Chad Francis et al**

## ENTRY REGARDING MOTION

Title: Motion to Dismiss; Motion to Amend Complaint  (Motions: 2; 3)
Filer: Zoe E. Cunningham-Cook; Angela N. Zaikowski
Filed Date: December 15, 2025 (Mot. 2); December 22, 2025 (Mot. 3)

### DECISION AND ORDER

Plaintiff Lizabeth's Pine West, LLC brought this action to evict Defendants Chad and Patricia Francis from their Essex Junction residence.  The Francises first moved to dismiss and Lizabeth's then moved to amend its complaint.  Counsel represent all parties.  For the reasons which follow, the court GRANTS the Francises' Motion to Dismiss (Mot. 2) and DENIES Lizabeth's Motion to Amend Complaint (Mot. 3).

### I. Background

The Francises have lived at their residence since May 2017 under a written rental agreement with Lizabeth's.[1]  They still occupy that residence.[2]  Lizabeth's notified the Francises by written letter dated July 17, 2025 that Lizabeth's would terminate the Francises tenancy on September 30, 2025 for no cause.[3]

In its November 7, 2025 Complaint for Ejectment, Lizabeth's alleged that "Defendants were given a proper notice of termination for cause"[4] and that "Defendants have breached the terms of the lease by their failure and refusal to pay rent in accordance with the terms of the Lease."[5]

---

[1] (Compl. Ex. 1.)  According to that agreement, they now have a month-to-month tenancy, but "[a]ll other provisions of the lease agreement . . . remain in full force and effect."  (*Id.* ¶ 11, at 3.)

[2] (Compl. ¶ 5.)

[3] (Compl. Ex. 2.)  The notice does not state how Lizabeth's served the Francises.  By hand service, the Francises received 75 days' notice.  By mail service, they received 72 days' notice after allowing for the statutorily presumptive three-day mailing period.  9 V.S.A. § 4451(1).

[4] (Compl. ¶ 7.)

[5] (*Id.* ¶ 11.)

## II. Discussion

Rule 12(b)(1) permits motions to dismiss for lack of subject matter jurisdiction.  V.R.Civ. P. 12(b)(1).  The Vermont Supreme Court "agree[s] generally" "that the superior court has no jurisdiction over an eviction action unless proper notice is served in accordance with statutory requirements." *Andrus v. Dunbar*, 2005 Vt. 48, ¶¶ 9-10, 178 Vt. 554 (mem.).

Whether the court has jurisdiction over this case depends on whether the notice for no-cause termination constitutes "proper notice" in a for-cause eviction action.

Our state's highest court has made clear that it demands a "'landlord's punctilious compliance with all statutory eviction procedures, including notice provisions.'" *In re Soon Kwon*, 2011 VT 26, ¶ 14, 189 Vt. 598 (quoting *Weise v. Dover Gen. Hosp. & Med. Ctr.*, 608 A.2d 960, 963 (N.J. App. Div. 1992)).  "'[A] tenant cannot be put in the position of having to speculate on the meaning and legal effect of the landlord's actions.'" *Bennington Hous. Auth. v. Lake*, 2012 VT 82, ¶ 15 (quoting *Andrus v. Dunbar,* 2005 VT 48, ¶ 13).

As far as this court can tell, our state supreme court has not defined "punctilious" in the eviction context.  It has used the term in three landlord-tenant cases, ruling twice for the tenant. *See Vt. Small Bus. Dev. Corp. v. Fifth Son Corp.*, 2013 VT 7, ¶ 15 (2013) ("There is no reason to require less 'punctilious compliance' with terms of a lease providing for notice in the nonresidential context."); *In re Soon Kwon*, 2011 VT 26, ¶ 14.  In its single ruling for the landlord, the court limited and clarified its holding to circumstances not applicable to this case. *Panagiotidis v. Galanis*, 2015 VT 134, ¶ 9, 201 Vt. 57 ("We did not intend to suggest that, in a nonresidential context, we would refuse to accept a form of notice that is at least as effective, and actually more certain, than that provided in the lease.")  The court concludes that the Vermont Supreme Court used the word "punctilious" in this context with all the word's unambiguously demanding denotation and connotation.

Lizabeth's has not met that standard in this case.  This court finds that Lizabeth's did not properly notify the Francises when it terminated their tenancy for no cause and brought an eviction action for cause (nonpayment of rent).  These inconsistent actions do not constitute "punctilious compliance with all statutory eviction procedures, including notice provisions" by Lizabeth's. *In re Soon Kwon*, 2011 VT 26, ¶ 14.  For the Francises to know that Lizabeth's no-cause notice warned of a for-cause eviction would improperly "put [them] in the position of having to speculate on the meaning and legal effect of the landlord's actions." *Bennington Hous. Auth.*, 2012 VT 82, ¶ 15.

For similar reasons, the court does not find allowing Lizabeth's to amend its complaint an appropriate exercise of discretion in this case.  The court acknowledges the liberal language and case law under Rule 15. *E.g.*, *Hunters, Anglers & Trappers Ass'n of Vt., Inc. v. Winooski Valley Park Dist.*, 2006 VT 82, ¶ 17, 181 Vt. 12 ("'When there is no prejudice to the objecting party,

and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion.'") (quoting *Bevins v. King*, 143 Vt. 252, 254–55 (1983)). The prejudice to the Francises comes from allowing this eviction proceeding to continue even though Lizabeth's has failed to fulfill its "punctilious compliance" obligations under Vermont's Residential Rental Agreements Act. Because 9 V.S.A. § 4467(k) requires a landlord to commence eviction proceedings no later than 60 days from the termination date in the notice, allowing Lizabeth's to amend its complaint would mean that it could maintain the current eviction proceeding, originally commenced for cause, despite a notice for no cause, by correcting its complaint to match the notice. For this court to allow that maneuver would not comport with the Vermont Supreme Court's "punctilious compliance" mandate on landlords like Lizabeth's.

This court does not believe it has the discretion to interpret the Vermont Supreme Court's "punctilious compliance" mandate less draconianly.

### III. Order

For the reasons set forth above, the court GRANTS the Defendants' Motion to Dismiss (Mot. 2) and DENIES Plaintiff's Motion to Amend Complaint (Mot. 3).

The court DISMISSES this case WITHOUT PREJUDICE for lack of jurisdiction.

Electronically signed pursuant to V.R.E.F. 9(d) on February 9, 2026.

Colin Owyang
Superior Court Judge