Filed 02/11/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03007

| Eric Deblasio v. Jason Hathaway |
| --- |

# ENTRY ORDER REGARDING MOTION

| | |
| --- | --- |
| Title: | Motion to Amend Complaint to Substitute Lease (Motion: 4) |
| Filer: | Nadine L. Scibek |
| Filed Date: | January 16, 2026 |

Plaintiff Eric Deblasio brought this no-cause eviction action against Defendant Jason Hathaway. Deblasio has moved to amend his complaint by substituting the 2021 lease for the 2016 lease originally attached to his complaint. He seeks no other amendments. Hathaway opposes. Counsel represent both parties. For the reasons that follow, the court DENIES Deblasio's Motion to Amend Complaint (Mot. 4).

## I. Background

Focusing on the allegations most relevant to the pending motion, Deblasio filed with his complaint a copy of the 2016 lease between Hathaway and the prior landlord. With his answer, Hathaway filed a copy of the 2021 lease that Deblasio had executed with Hathaway after Deblasio purchased the property. [1] Deblasio then realized his mistake in previously providing the 2016 lease in connection with this case. He now seeks to substitute the 2021 lease. The parties agree the 2021 lease is the lease between them applicable to this case.

The two six-page leases contain some differences, but nothing material to the pending motion or this case. For instance and perhaps most directly relevant to this case, the 2021 lease

---

[1] Hathaway had filed an August 13, 2025 motion to dismiss, focusing on whether the 2016 lease survived its initial term. (*See* Mot. at 1 ("The parties have an unwritten tenancy from month to month.").) The existence of a written agreement became dispositive of the sufficiency of his termination notice. (Oct. 22, 2025 Entry at 1 (noting "[t]he key issue in dispute is whether there exists a written lease between the parties" since that would determine whether Hathaway deserved 60 or 90 days' notice).) In reaching its ruling that the 2016 lease remained in effect, the court noted that "[n]o other written agreement exists between the parties." (Entry at 1.) Hathaway did not raise or file the 2021 lease with the court until he filed his answer on October 22, 2025. Inasmuch as the law-of-the-case doctrine might apply, this court does not carry over the court's prior statement for the 2021 lease under these circumstances. *See Fabiano v. Cotton*, 2020 VT 85, ¶ 21, 213 Vt. 236 (reiterating that "[t]he law-of-the-case doctrine 'normally does not bind the trial court'" and that "[w]e have recognized that trial courts have 'the discretion to modify an interlocutory order.'") (citation omitted).

adds § 4 on termination, matching Deblasio's obligations to those provided by statute, specifically the 60-day no-cause notice provision applicable to this case and under 9 V.S.A. § 4467(e) as previously noted by the court. *See* Oct. 22, 2025 Entry, at 1-2. Similarly, the 2021 lease provides an updated rent and late-payment mechanism, but the 2016 lease still provided for some form of both. 2016 Lease § 3; 2021 Lease § 3. Likewise, the 2016 lease initially provided for an initial one-year term, becoming month-to-month thereafter, while the 2021 lease continued the month-to-month tenancy as of its February 1, 2021 execution date that would otherwise have existed under the 2016 lease. 2016 Lease §2; 2021 Lease § 2. The 2021 lease otherwise tracks the section sequence, naming convention and formatting of the 2016 version, suggesting that the 2021 version simply represented Deblasio's update to the prior form as the new property owner.[2]

## II. Discussion

Rule 15 takes a liberal view of allowing a party to amend their pleadings. *E.g.*, *Hunters, Anglers & Trappers Ass'n of Vt., Inc. v. Winooski Valley Park Dist.*, 2006 VT 82, ¶ 17, 181 Vt. 12 ("'When there is no prejudice to the objecting party, and when the proposed amendment is not obviously frivolous nor made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny the motion.'") (quoting *Bevins v. King*, 143 Vt. 252, 254–55 (1983)). *See also McClellan v. Haddock*, 2017 VT 13, ¶ 15, 204 Vt. 252 (holding Rule 15 applicable to statutorily required attachments to complaints). Hathaway does not allege bad faith, so the court focuses on prejudice. Opp. at 3.

"[T]he action for possession must be brought pursuant to the ejectment statute in chapter 169 of Title 12, normally 12 V.S.A. § 4851." *Andrus v. Dunbar*, 2005 VT 48, ¶ 10, 178 Vt. 554. That section authorizes the superior court to issue writs of possession in appropriate circumstances. 12 V.S.A. § 4851. Section 4852 provides in part: "A copy of the rental agreement, if any . . . shall be attached to the complaint." *Id.* § 4852. Also relevant to the pending motion, 9 V.S.A. § 4467(k) requires that an eviction proceeding commence "no later than 60 days from the termination date set forth in the notice." 9 V.S.A. § 4467(k). The notice in this case terminated Hathaway's tenancy effective May 31, 2025. Deblasio filed his complaint on July 18, 2025 to commence this case.

Reading these statutory requirements together, the outcome of the pending motion depends on whether Deblasio's attaching the 2016 lease to his complaint complied with 12 V.S.A. § 4852. If it did not, he did not timely commence this case under 9 V.S.A. § 4467(k).

---

[2] Hathaway describes these provisions as "materially different." (Opp. at 3.) The substance of these lease provisions does not support that characterization.

2

The prejudice to Hathaway under Rule 15 if this case continues would come from his eviction from a process that did not comply with statutory requirements.

This court has not found any Vermont case law answering this question. In looking to analogous precedent, our state's highest court has made clear that it demands a "'landlord's punctilious compliance with all statutory eviction procedures.'" *In re Soon Kwon*, 2011 VT 26, ¶ 14, 189 Vt. 598 (quoting *Weise v. Dover Gen. Hosp. & Med. Ctr.*, 608 A.2d 960, 963 (N.J. App. Div. 1992)).

As far as this court can tell, our state supreme court has not defined "punctilious" in the eviction context. It has used the term in three landlord-tenant cases, ruling twice for the tenant. *See Vt. Small Bus. Dev. Corp. v. Fifth Son Corp.*, 2013 VT 7, ¶ 15, 193 Vt. 185 ("There is no reason to require less 'punctilious compliance' with terms of a lease providing for notice in the nonresidential context."); *In re Soon Kwon*, 2011 VT 26, ¶ 14. In its single ruling for a landlord, the court limited and clarified its holding to circumstances not applicable to this case. *Panagiotidis v. Galanis*, 2015 VT 134, ¶ 9, 201 Vt. 57 ("We did not intend to suggest that, in a nonresidential context, we would refuse to accept a form of notice that is at least as effective, and actually more certain, than that provided in the lease."). The court concludes that the Vermont Supreme Court used the word "punctilious" in the residential eviction context with all the word's unambiguous and inflexible denotation and connotation.

Against this backdrop, this court concludes that the requirement of 12 V.S.A. § 4852 to attach a copy of "the rental agreement" with the complaint can only mean one thing – the complaint must attach a copy of "the rental agreement" in effect and applicable to the case. The only modifier to "the rental agreement" comes from "if any" which, in this court's view, means "if any exists to attach" in order to provide for the possibilities of no agreement at all or of an oral rental agreement which likewise qualifies as a "rental agreement" under the statute. 9 V.S.A. § 4451(8). *See Jacobs v. Holden Leonard Co.*, 110 Vt. 245, 250 (1939) ("It is a well recognized rule of statutory construction that effect must be given to all the provisions of a statute if possible."). In this case, while two written agreements have existed over time, only one exists now. The parties agree as much – the 2021 lease. The complaint did not attach it.

The court does not believe it has discretion to interpret the Vermont Supreme Court's "punctilious compliance" mandate any less draconianly. *In re Soon Kwon* already rejected a functional equivalence interpretation that might otherwise make sense in this case, where the 2016 and 2021 leases contain no material differences relevant to this case. 2011 VT 26, ¶¶ 13-15 (rejecting "landlord's argument . . . that because tenants were not prejudiced by noncompliance with the statute and ordinance with respect to the method of giving notice, he should not be denied access to the security deposit"). The Vermont Supreme Court's reasoning in rejecting that argument then appears no less applicable to this case now.

Where the state supreme court has nowhere signaled a willingness to read latitude into its "punctilious compliance" interpretation of legislative intent motivating the statutory framework of Titles 9 and 12, this court may not do so. Such an unsupported interpretation would result in prejudice to Hathaway in this case under Rule 15. Allowing Deblasio to amend his complaint by

substituting the 2021 lease would likewise allow him to continue this eviction proceeding, despite his failure to fulfill his "punctilious compliance" obligations under 12 V.S.A. § 4852 and 9 V.S.A. § 4467(k). That outcome does not constitute an appropriate use of this court's discretion to allow his motion to amend his complaint.

The court acknowledges that the Vermont Supreme Court once differentiated between voidable process – "[p]rocess which is defective, because not in the exact form required by statute but which, nevertheless, is in substantial compliance therewith [and] may be amended" – and void process – "[p]rocess prohibited by law [creating a] defect . . . [that] cannot be cured by waiver, consent or agreement" since to do so "would be to nullify the statute prohibiting it." *Howe v. Lisbon Sav. Bank & Trust Co.*, 111 Vt. 201, 213 (1940). No decision appears to have overruled *Howe* explicitly, yet it substantially predates *In re Soon Kwon* and the statutory framework of Titles 9 and 12 that the high court there found so persuasively evincing a legislative intent that resulted in the case's "punctilious compliance" mandate.

Following *Howe*'s older distinction could create incoherent outcomes. Suppose, for instance, Deblasio attached neither the 2016 nor the 2021 lease to his complaint. Then, today's case which involves "voidable" and curable process could become one which involves "void" and incurable process because it would violate 12 V.S.A. § 4852's requirement to attach the rental agreement. Yet, in both instances, Hathaway would have had the 2021 lease in his possession already and ostensibly knew the lease under which Deblasio brought this eviction proceeding, resulting in arguably the same absence of prejudice to him in either "voidable" or "void" process scenario. This court cannot see how those two different outcomes should justifiably result. The clear, if inflexible, rule created by this court's interpretation of *In re Soon Kwon* creates no such dilemma, despite its other limitations.

Said otherwise, the court reaches today's outcome because it believes it has no alternative under *In re Soon Kwon* without the Vermont Supreme Court explicitly saying so.

### III. Order

For the reasons discussed above, the court DENIES Deblasio's Motion to Amend Complaint.

Because the parties agree that the complaint did not attach the 2021 lease when Deblasio commenced this proceeding within 60 days of the termination date of the applicable notice, the court concludes Rule 12(b)(6) requires dismissal for failure to state a claim. Any party who believes otherwise may file a memo with the court within 14 days and the opposing party will have 14 days to respond. Otherwise, the court will dismiss this case under Rule 12(b)(6).

Electronically signed pursuant to V.R.E.F. 9(d) on February 10, 2026.

Colin Owyang
Superior Court Judge

4