Filed 02/24/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05295

| Daniel Gotlieb v. Edward Brown |
| --- |

## ENTRY REGARDING MOTION

**Title:** Motion to Dismiss; Motion for Default Judgment; Motion to Supplement Record & Exhibits (Motions: 2; 4; 5)
**Filer:** Edward Brown; Daniel B Gotlieb; Daniel B Gotlieb
**Filed Date:** January 12, 2026; January 20, 2026; February 23, 2026

Plaintiff Daniel Gotlieb brought this eviction action under the Vermont Residential Rental Agreements Act, 9 V.S.A. § 4451 et seq. ("RRA"), against Defendant Edward Brown. Brown has moved to dismiss (Mot. 2). Gotlieb opposes, has filed a second motion for default judgment (Mot. 4) and a motion to supplement record (Mot. 5). The parties represent themselves. For the reasons that follow, the court GRANTS Brown's motion to dismiss (Mot. 2) and DISMISSES AS MOOT Gotlieb's second motion for default judgment (Mot. 4) and motion to supplement record (Mot. 5).

### I. Background

This section focuses on Brown's principal challenge in his Rule 12(b)(1) motion, the sufficiency of his termination notice. Mot. at 1-2. The notice in this case indicates that Gotlieb sought to terminate Brown's tenancy under 9 V.S.A. § 4467(b)(2). Notice at 1. Section 4467(b)(2) requires "actual notice to the tenant" which "means receipt of written notice hand-delivered or mailed to the last known address." 9 V.S.A. §§ 4451(1), 4467(b)(2). Gotlieb acknowledges he did not provide Brown actual notice as Gotlieb sent the notice to Brown's email address. Opp. at 1.[1]

Gotlieb's complaint in this case contains eleven words. He indicates he sues Brown for "Eviction for Cause." Compl. at 1. He asks for, "Eviction for Cause." *Id.* He states that he believes the following rule or law applies, "Vermont Eviction for Cause Law." *Id.* Gotlieb's complaint alleges nothing else, about how he served Brown's termination notice or otherwise.

When Gotlieb filed his complaint, he also filed a copy of Brown's lease, notice of termination and declaration of compliance with the CARES Act. The notice does not indicate how Gotlieb served it on Brown.

---

[1] The court's electronic case management system incorrectly labeled his January 12, 2026 Opposition as an "Amended Answer."

## II. Discussion

Rule 12(b)(1) permits motions to dismiss for lack of subject matter jurisdiction.  V.R.Civ. P. 12(b)(1).  The Vermont Supreme Court "agree[s] generally" "that the superior court has no jurisdiction over an eviction action unless proper notice is served in accordance with statutory requirements."  *Andrus v. Dunbar*, 2005 VT 48, ¶¶ 9–10, 178 Vt. 554.

Our state's highest court has made clear that the RRA demands a "'landlord's punctilious compliance with all statutory eviction procedures, including notice provisions.'"  *In re Soon Kwon*, 2011 VT 26, ¶ 14, 189 Vt. 598 (citation omitted).  As far as this court can tell, our state supreme court has not defined "punctilious" in the eviction context.  It has used the term in three landlord-tenant cases, ruling twice for the tenant.  *See Vermont Small Bus. Dev. Corp. v. Fifth Son Corp.*, 2013 VT 7, ¶ 15, 193 Vt. 185 ("There is no reason to require less 'punctilious compliance' with terms of a lease providing for notice in the nonresidential context."); *In re Soon Kwon*, 2011 VT 26, ¶ 14.  In its single ruling for the landlord, the Court limited and clarified its holding to circumstances not applicable to this case.  *Panagiotidis v. Galanis*, 2015 VT 134, ¶ 9, 201 Vt. 57 ("We did not intend to suggest that, in a nonresidential context, we would refuse to accept a form of notice that is at least as effective, and actually more certain, than that provided in the lease.")  The court concludes that the Vermont Supreme Court used the word "punctilious" in this context with all the word's unambiguously demanding denotation and connotation.

Gotlieb has not met that standard in this case.  He admits he served Brown his termination notice by email and did not provide "actual notice" required by 9 V.S.A. §§ 4451(1), 4467(b)(2).  Opp. at 1.

This court does not believe it has discretion to interpret the Vermont Supreme Court's "punctilious compliance" mandate any less draconianly.  *In re Soon Kwon* already rejected an actual prejudice requirement.  2011 VT 26, ¶¶ 13-15 (rejecting "landlord's argument . . . that because tenants were not prejudiced by noncompliance with the statute and ordinance with respect to the method of giving notice, he should not be denied access to the security deposit").

## III. Order

Because of the inadequacy of Gotlieb's termination notice to Brown, this court lacks subject matter jurisdiction and dismisses this case without prejudice under Rule 12(b)(1).  The court may not reach Brown's other arguments.  Brown's motion asks that the court allow him to proceed on his counterclaims, Mot. at 2, but he has filed none.  The court dismisses as moot Gotlieb's motion for default judgment (Mot. 4) and his motion to supplement record (Mot. 5).

Electronically signed pursuant to V.R.E.F. 9(d) on February 23, 2026.

Colin Owyang
Superior Court Judge

2